## Fay, Appellant, v. Moore.

*Contract—Building contract—Certificate of architect—Unjusti-*
*fiable conduct of architect in refusing certificate.*

In an action to recover a balance alleged to be due on a building contract which provided that final payment should be made only upon certificate of the architect, the plaintiff may account for his failure to produce a certificate by showing that after he had completed the building he asked for a certificate, and that the only reason given by the architect for refusing it was "that the owner was not satisfied with the work," and by the production of letters which would warrant a finding that the architect in passing upon the work had not exercised his own impartial judgment, but had conformed to whatever the owner dictated.

Argued Oct. 20, 1916. Appeal, No. 390, Oct. T., 1915, by plaintiff, from order of C. P. No. 3, Philadelphia Co., Dec. T., 1905, No. 906, refusing to take off nonsuit in case of Ella M. Fay, Administrator of the Estate of Edward Fay, deceased, v. James S. Moore. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Reversed.

616       FAY, Appellant, *v.* MOORE.

Assignment of Error—Opinion of the Court. [65 Pa. Superior Ct.

Assumpsit to recover a balance alleged to be due on a building contract. Before FERGUSON, J.

The facts are stated in the opinion of the Superior Court.

The court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was refusal to take off nonsuit.

*Ignatius A. Quinn,* with him *John J. Green,* for appellant.—The requirement in a contract that the contractor obtain a certificate for final payment was not intended to protect the owner from honest payment of the price by a fraudulent or capricious withholding of the certificate: Hunn v. Penna. Inst. for Instruction of the Blind, 221 Pa. 403; Pittsburgh Terra Cotta Lumber Co. v. Sharp, 190 Pa. 256; Smith v. Cunningham Piano Co., 239 Pa. 496; Thaler Bros. v. Greisser, 229 Pa. 512; Fay v. Lester Piano Co., 32 Pa. Superior Ct. 437; Fay v. Lester Piano Co., 39 Pa. Superior Ct. 87.

*George J. Edwards, Jr.,* for appellee.—Failure to produce the certificate was conclusive against the plaintiff: Payne v. Roberts, 214 Pa. 568; Ruch v. York, 233 Pa. 36; Pittsburgh Terra-Cotta Lumber Co. v. Sharp, 190 Pa. 256; Erbeck v. Meadville, Etc., Traction Co., 237 Pa. 121; Monongahela Nav. Co. v. Fenlon, 4 W. & S. 205; Reynolds v. Caldwell, 51 Pa. 298; Quigley v. DeHaas, 82 Pa. 267; Hartupee v. Pittsburgh, 97 Pa. 107.

OPINION BY PORTER, J., March 13, 1917:

This action was brought to recover a balance alleged to be due under the terms of a written contract for the erection of a dwelling house. The contract provided that the final payment of the contract price should be made only upon certificate of the architect. The plaintiff offered evidence, the exclusion of which is made the basis of several assignments of error, tending to establish that

the building had been completed in accordance with the terms of the contract. There was no dispute as to the fact that the owner, the defendant, had taken possession of and occupied the building. The plaintiff failed to produce a certificate of the architect, showing completion of the building, and the court below entered a judgment of nonsuit upon that ground, which nonsuit it subsequently refused to take off. The plaintiff appeals.

The plaintiff having failed to procure the certificate of the architect that the work had been completed to his satisfaction, the burden was upon her to show, by proper evidence, that which would excuse or dispense with the production of the certificate in the face of the express stipulation of the contract: Pittsburgh Terra-Cotta Lumber Co. v. Sharp, 190 Pa. 256. It would have been competent for her to show that the action of the architect in refusing to give a certificate was fraudulent and collusive: Fay v. Lester Piano Co., 32 Pa. Superior Ct. 437, and 39 Pa. Superior Ct. 87; Payne v. Roberts, 214 Pa. 568; Erbeck v. Meadville & Conneaut Lake Traction Co., 237 Pa. 121.

The son of the plaintiff who had acted as superintendent of the building operation in question, testified that, after the completion of the building, he requested the architect to give the requisite certificate; that the architect did not say that he was himself dissatisfied with the work, but the only reason he gave for refusing the certificate was "that the owner was not satisfied with the work." There were offered in evidence certain letters which had been written by the architect to the contractor, about the time the building was completed, which would have warranted the jury in finding that the architect, in passing upon the work, was not exercising his own impartial judgment, but was conforming to whatever the owner dictated. One of the objections which the architect made was to the "corner beading." The specifications had called for corner beading, on exposed angles, but did not designate the particular kind. The builder

had put on a kind of beading to which the architect did not personally object, but the owner demanded that a particular kind of beading be put on. The architect in one of his letters to the contractor said that he had never seen the kind of beading which the owner desired, but that nothing else would be accepted by the owner so that there was no alternative; and that he, the architect, was compelled to instruct the contractor to make them "different from what I would personally select." In another letter he said: "Regarding corner beading matter would say I am perfectly aware that the bead Mr. Moore desires is impractical as well as impossible but as Mr. Moore gave me no other alternative in the matter, the best I could do was to give his instructions verbatim to you. I will send Mr. Moore your letter and trust that I may receive his acceptance of my regular corner bead." This was after the corner beading had been put on and the building practically completed, and it would require the contractor to take off the beading and replace it with a beading which the architect declares in writing was "impractical as well as impossible." In view of the testimony that the only reason the architect gave for refusing the certificate was because the owner was not satisfied with the work, taken in connection with these letters, we are of opinion that the question whether the architect was acting upon his own impartial judgment, or capriciously and at the dictation of the owner, in refusing the certificate, ought to have been submitted to the jury.

The judgment is reversed and a venire facias de novo awarded.