Benjamin H. Gonder, Surviving Partner of the Firm of B. B. Gonder & Sons, *v.* Berlin Branch Railroad, Appellant.

*Contract—Building contract —Retained percentages—Final estimate.*

Where a construction contract provides for monthly payments to the contractor on estimates made by the owner's engineer and payment of retained percentages after final estimate by the engineer, the retained percentages cannot be recovered upon an estimate not final in form, made after the completion of the work, covering only the last month's work, and similar to the other monthly estimates.

In an action brought upon such an estimate to recover retained percentages, it is competent for the defendant to show that a final estimate had been made by the engineer, fixing the quantity, character and value of the work, and the amount due therefor.

In an action to recover retained percentages under a building contract, the defendant may prove that the engineer at the instance of the contractor, in order to enable him to meet his payments, had increased the amounts of the monthly estimates beyond what was justly due, with the understanding that in the final estimate a reduction of the proper amount should be made. The fact that the engineer is in the employ of the de-

fendant does not commit the defendant to the consequences of the engineer's misconduct resulting from collusion with the plaintiff, while acting as arbiter for both parties.

Argued June 5, 1895.  Appeal, No. 47, July T., 1895, by defendant, from judgment of C. P. York Co., Dec. T., 1881, on verdict for plaintiff.  Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Debt on building contract.  Before Bittenger, J.

At the trial it appeared that on May 23, 1876, plaintiff agreed in writing to do the grading for a portion of defendant's railroad.  The agreement provided, inter alia, as follows:

" During the progress of the work, until its completion, there shall be a monthly estimate made by the engineer of the quantity, character and value of the work done during the month, or since the last monthly estimate, of which eighty-five per cent. shall be paid to the parties of the first part, on the fifteenth day of each subsequent month, at such place as the engineer directed by the president of the company, may appoint; —fifteen per cent. of the monthly estimate made by the engineer shall be reserved by the company, and when the said work is completed and accepted by the engineer, there shall be a final estimate made by the engineer of the quantity, character and value of the work done, agreeably to the terms of this agreement, when the balance appearing to be due shall be paid to the said parties of the first part, upon their giving a release under seal to the said company, from all claims or demands growing out of this agreement in any manner.

" It is expressly understood that the monthly and final estimate of the engineer of the quantity, character and value of the work done shall be conclusive between the parties to this contract, unless the president of the said company may deem it proper to revise and alter the monthly and final estimate, which revision shall be substituted to all intents and purposes for the original."

The work was completed about the first of December, 1876. Estimates were made each month, and after the completion of the work a monthly estimate was made for the last month similar to the estimates made for the previous months.  Further facts appear in the opinion of the Supreme Court.

Plaintiff offered this estimate marked " J " in evidence. It was not final in form. It was admitted under objection and exception. [4] A letter of the engineer to the plaintiff marked " K," subsequent in date to paper marked " J," fixing a different amount due from defendant to plaintiff, was admitted in evidence under objection and exception. [5]

Defendant offered a paper signed by the engineer marked " L," and indorsed " final," as the final estimate upon which plaintiff was entitled to recover.

The Court: It is not proven, or offered to be proven, that the estimates produced by the plaintiff, testified to by B. B. Gonder to have been furnished by Joseph S. Gitt, the engineer of the Berlin Branch Railroad, are not the work of said Joseph S. Gitt, engineer, and made by him and furnished to the plaintiff as a basis of settlement by him with the defendant company under the agreement already in evidence,—are not what they purport to be, the final statements after the completion of the work, on measurements made in April, 1877, as stated on paper " K " over the signature of Joseph S. Gitt. The paper now offered largely reducing the amount due for the work done by the plaintiff must be regarded as a revised estimate, and not the final estimate provided for in the agreement to be made on completion of the work. The president of the company is the only person who, under the agreement, could make a revised estimate binding upon the parties to the agreement.

We construe the words " final estimate," used in the agreement, to mean one made when the work was completed, and when the work was accepted from the contractor by the engineer. A subsequent estimate of the work is a revised estimate, and not admissible under the agreement in evidence, as we have ruled.

The offer is rejected, and an exception sealed for the defendant. [11]

Mr. Wanner, for the defendant: The offer of paper " L " having been rejected, because it is not evidence sufficient in the opinion of the court as an offer to impeach the official character of papers " J " and " K," defendant now proposes to prove by the witness on the stand, who was the engineer authorized by the parties to this contract to make their estimates, that paper " J " was not his last or final estimate, and that paper

" K " was not his last or final estimate ; and to further show by the witness that he changed the amounts, as set down in these estimates, to the amounts set down in paper " L," for the reason that at the request of the plaintiff he had returned the former monthly estimates at a sum higher than he thought plaintiff was entitled to, because plaintiff requested him so to do in order that he might get money enough on those estimates to pay his hands their monthly bills; and that plaintiff then and there agreed with him, that, at the conclusion of the work, and in the making of his final estimate, he should reduce these amounts so that the final estimate should correct these inaccuracies contained in former monthly estimates.    This is offered in connection with the former testimony, to show that paper " L " is the correct and final estimate of the work done by plaintiff, and that it was made in its reduced form, and different from the former estimates, by express agreement and understanding with the plaintiff.   For the purpose of establishing paper " L " as the correct and final estimate of the work done for plaintiff by the defendant.

Mr. Stewart, counsel for plaintiff : It is objected to, because the defendant by its chief engineer, the witness on the stand, cannot contradict or set aside the statements made by him in pursuance of the contract between the plaintiff and the company defendant ; because it is an attempt to set up a fraud perpetrated on his part against this company and the plaintiff, in order to set aside his own estimates ; because there is no notice of this proposed evidence contained in the bill of special matter furnished by the defendant to the plaintiff.   It is irrelevant and immaterial.

The Court : It strikes me that that is the act of the engineer, and he being the engineer of the company, he had the whole matter in his hands.   If he did allow this to be done, it is contrary to law to permit a fraud on the company, because he did not know how soon the contract would be terminated. And if you could show that it was done at the instance of the plaintiff, we think you cannot contradict these monthly statements, or invalidate them in this way ; that you cannot say that they were the acts of the engineer, to appear upon the estimates when made.   If the engineer were allowed to make estimates such as these from month to month, as the months go

on, and a final statement, and the final statement to correspond with the monthly statement; and then would be allowed to change them, because he sets up a matter of this kind,—that it was by an agreement between him and the plaintiff,—there would be no security for anybody. We reject the offer, and seal an exception for the defendant. [12]

Defendant renewed this offer in precisely the same language and terms, with the general offer to prove that it was not known to the company defendant at the time, or until after the final estimate, nor before suit brought, that there had been such inaccuracies in the monthly statement, or such an understanding between the engineer and the plaintiff for their correction in the final estimate. Offered for the purpose of establishing paper " L," as the correct and final estimate of the work done by plaintiff for the defendant.

The objections to the last preceding offer were renewed by plaintiff and, in addition to that, that the chief engineer was the company,—one of its chief officers,—and they did have knowledge of the fact.

The Court: Certainly he had charge of the construction of this road. We reject this offer, and seal an exception for the defendant. [13]

The court charged in part as follows:

" [There is no evidence offered on the part of the defendant, which was admitted, to reduce this claim made by the plaintiff. All the evidence is that that estimate was made and submitted to the plaintiff by the engineer at the completion of the work, and that the work accepted by the engineer was to the amount which he certified was due at that time. The verdict of the jury therefore will have to be for the plaintiff for the amount stated in this final statement of December, 1876, with interest from that time.] " [3]

Verdict and judgment for plaintiff for $3,756.83. Defendant appealed.

*Errors assigned*, among others, were, (3) portion of charge as above, quoting it; (4, 5, 11–13) rulings on evidence, quoting the bill of exceptions.

*Wm. P. Quimby* and *N. M. Wanner*, *George J. Benner* with them, for appellant.—The engineer may under some circum-

stances re-estimate the work. He may deduct from the work done, as per monthly estimates, so as to equalize the whole, at the end, etc., or correct errors : Faunce v. Burke & Gonder, 16 Pa. 469; Monongahela Nav. Co. v. Fenlon, 4 W. & S. 205; Yutzy v. Buffalo Val. R. R., 1 Walker, 463; Memphis etc. R. R. v. Wilcox, 48 Pa. 161.

Monthly estimates are only conclusive until the final estimate is made to which they were subordinate, as in it the absolute amount of compensation is to be computed: Drhew & Bell v. Altoona, 121 Pa. 401.

Collusion or fraud between the plaintiff and the engineer for the plaintiff's benefit and to the defendant's prejudice, in the making up of the estimates, will vitiate and avoid the same : Hostetter v. Pittsburg, 107 Pa. 419; Hartupee v. Pittsburg, 131 Pa. 535; Lucas Coal Co. v. Del. & H. Canal Co., 148 Pa. 227; McCaulay v. Keller, 130 Pa. 53; Glessner v. Patterson, 164 Pa. 224.

Without any provision, in the contract, it has been held that inspection by the engineer, satisfactory reports, and payments on account, do not constitute a waiver of defects unless openly apparent: Hartupee v. Pittsburg, 97 Pa. 107.

*H. M. North* and *J. Hay Brown*, *W. U. Hensel* and *Stewart*, *Niles & Neff* with them, for appellee.—If the engineer, after the completion of the work, could make one estimate showing the entire balance due plaintiff and several months after make another, would there be any limit to his power to change these estimates from time to time as the whims and caprices of the superior officers of the company might prompt? It is, therefore, respectfully submitted that as this estimate of December 6, 1876, was fairly and properly made, and that the only right to revise and alter it which has been reserved in the agreement had not in any manner been exercised, the court below most properly directed the jury to regard it as the correct basis of plaintiff's claim.

OPINION BY MR. JUSTICE FELL, October 7, 1895 :

The action was upon a written contract to recover a balance claimed to be due for work done in constructing a section of the defendant's roadbed. By the provisions of the contract,

payments were to be made during the progress of the work on monthly estimates furnished by the engineer; fifteen per cent being retained by the company until the completion. Upon the completion of the work and its acceptance by the engineer he was to make a final estimate of its quantity, character and value, and the amount ascertained by him to be due was to be paid to the plaintiffs. The estimates thus made by the engineer were to be final and conclusive as to both parties, subject to the right of the president to revise and alter them. As the work progressed estimates were furnished monthly by the engineer and the amounts appearing by them to be due were paid, except the amount of the last estimate. This estimate like the preceding one showed the total allowances and payments, and the principal question at the trial was whether it was a final estimate and fixed the rights of the parties. The plaintiff's contention was that as it had been furnished after the completion of the work and not revised or altered by the president, it was a final estimate and conclusive upon the defendant company, and that it was incompetent for the engineer afterwards to submit a revised or second final estimate.

It is true that there could be but one final estimate made by the arbiter chosen by the parties, and that such an estimate in the absence of fraud or collusion was binding and fixed their rights and liabilities. Whether however the estimate furnished was a final estimate was an open question at the trial. In form it was not a final estimate, nor such an estimate as was contemplated by the agreement. It was not intended to show the balance due under the completed contract, but the work done during the preceding month and the amount due for it less the retained percentage. It was similar in form to the preceding monthly estimates, and was made as they had been at the end of the month to show the amount of work done since the last estimate. It was but one of the series of monthly statements for which the agreement called, and was final only in the sense that it was the last in date and was made after the completion of the work. By agreement of the parties, expressed or implied from their acts, this estimate might have become a final one, but neither party could arbitrarily make it such. It was competent for the defendant to show that a final estimate had been made by the engineer, fixing the quantity, character and value

of the work and the amount due therefor, and testimony tending to prove this should have been admitted.

The defendant should have been allowed to prove also that the engineer at the instance of the plaintiff, in order to enable him to meet his payments, had increased the amounts of the monthly estimates beyond what was justly due, with the understanding that in the final estimate a reduction of the proper amount should be made. The fact that the engineer was in the employ of the defendant did not commit it to the consequences of his misconduct while acting as an arbiter for both parties, and an award which was the result of collusion with the plaintiff was not binding upon it. The proof of the offer would have shown that the award upon which the plaintiff relied was not only an unjust award, obtained by unfair means and the result of misconduct and collusion, but that it was not intended as a final award.

The deposition of the president of the company is not before us, and the record does not disclose the ground for its rejection. He was not incompetent generally, and whether so as to the particular offer we are unable to judge. He could not however have testified to sustain the offer made. The testimony was incompetent whether the witness was or not. It was his right under the agreement to revise and alter the estimates made. This right he did not exercise, and his approval or disapproval of an estimate submitted did not affect its character as a final award of the engineer.

The third, eleventh, twelfth and thirteenth assignments of error are sustained and the judgment is reversed with a venire de novo.