# Fay v. Lester Piano Company, Appellant.

*Contract—Building contract—Approval by architect—Fraud.*

In an action to recover a balance alleged to be due on a building contract which provided that the work should be done under the direction of the architect whose decision should be conclusive, a verdict for the plaintiff will be sustained where there is evidence from which a jury could find that the defendant refused to pay the plaintiff the amount that was due him, not because he had not fully performed his part of the contract, but because he would not do something he was not under obligation to do, and that the architect refused to give the certificate, not in the exercise of his independent judgment upon the facts, but because the plaintiff would not comply with the unwarranted demand of the defendant.

Argued Oct. 13, 1908. Appeal, No. 55, Oct. T., 1908, by defendant, from judgment of C. P. No. 4, Phila. C., Sept. T., 1903, No. 664, on verdict for plaintiff in case of Ella M. Fay v. The Lester Piano Company. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Assumpsit to recover a balance alleged to be due on a building contract. Before AUDENRIED, J.

The facts are stated in the opinion of the Superior Court and in the report of the former appeal, 32 Pa. Superior Ct. 437.

Verdict and judgment for plaintiff for $1,465. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*Francis Chapman*, with him *S. Spencer Chapman*, for appellant.—The duty of determining whether fraud has been practiced in a given case is primarily for the court, which should never allow a jury to find a verdict on mere suspicion or on evidence only sufficient for conjecture: Battles v. Laudenslager, 84 Pa. 446; Mead v. Conroe, 113 Pa. 220; Kaine v. Weigley,

22 Pa. 179; Allison v. Ward, 63 Mich. 128 (29 N. W. Repr. 528);
Epps v. Dickerson, 35 Iowa, 301.

*Edmund Randall,* with him *James A. Flaherty,* for appellee,
cited: Pittsburg Terra Cotta Lumber Co. v. Sharp, 190 Pa. 256.

OPINION BY RICE, P. J., April 12, 1909:

The controlling question presented for our consideration in
this appeal is whether the facts which the jury could find from
the evidence were sufficient to warrant them in inferring there-
from that the architects, acting in collusion with the defendant,
wrongfully withheld their certificate.    These facts are: first,
that the contractor, of whose estate the plaintiff is administra-
trix, fully performed his contract in accordance with the plans
and specifications as modified by the defendant and the archi-
tects; second, that this complete performance was known, or
at least should have been known by the defendant and the
architects; third, that when the contractor demanded from the
defendant payment of the balance due, payment was refused
unless he would cover the inclines with steel plates, which he
refused to do, and was not obliged to do, either by the original
or the modified plans and specifications; fourth, that when the
contractor applied to the architects for their certificate, the
latter replied that they could not give it; fifth, that the reason,
and the only reason, assigned by them for withholding it was
because the owners were not satisfied with the wooden inclines
and would not accept the building until steel plates were placed
on them.    We do not say that the fact that the architects as-
signed no other reason would, of itself, compel the jury to find
that they had no other reason, or that in refusing this certificate
they did not act on their own independent judgment; but it is
nevertheless a significant fact to be considered by the jury in
determining the main question.

In the foregoing statement of facts we are not to be under-
stood as giving our own judgment on the evidence, but merely
as stating the facts, which the jury, in the exercise of their pre-
rogative to decide as to the credibility of the witnesses, and as
to the preponderance of testimony, could find from the direct

evidence in the case. There is no direct evidence that the architects and the defendant met and expressly agreed to this course of conduct on their part, but it is to be borne in mind that the architects were the employees of the defendant; that they assigned a reason for their refusal to give a certificate, which tended to show that they were acting rather as the defendant's employees than as impartial arbitrators; that this was the only reason assigned by them, and was not a valid reason; and that the effect of their action would be, if he could not resort to an action at law, to compel the plaintiff to forfeit the money due him unless he would add something to the defendant's building which he was under no obligation to do. Of course, the jury could not peer into the minds of the architects and ascertain with absolute certainty what influenced them to do that which tended to assist their principal in enforcing its demand, but, assuming the facts to be as above stated, the jury could reasonably infer that the architects knew of the unwarranted demand of the defendant, and intended the very result which the defendant was seeking to accomplish, and because the defendant sought it. The jury were not bound to accept the testimony of one of the architects that they acted on their own independent judgment, and reject the inferences to which the proved facts irresistibly led them. When this case was here before, 32 Pa. Superior Ct. 437, we said: "A mere mistake in judgment on the part of the architect is not ground for judicial interference with his decision where it is stipulated in the contract that it shall be conclusive, unless it be so gross as necessarily to imply bad faith or a failure to exercise an honest judgment. And, without deciding the point, it may be conceded for present purposes that, although the architect is the employee of the owner, proof of even such gross dereliction on his part, standing alone, would not dispense with the production of the certificate of approval which the contract calls for, and enable the contractor to maintain a suit upon the contract. But a demand of the owner after full performance by the contractor, which the architect attempts to assist the owner in enforcing by refusing his certificate unless it is complied with, may be so unconscionable, or so utterly

unreasonable and unwarranted on its face, that the mind is irresistibly led to the conclusion that they are acting in collusion within the meaning of the decisions. Collusion is defined to be a secret agreement for a wrongful purpose; fraudulent cooperation; a secret arrangement between persons to defraud another or to obtain an unlawful object, through legal proceedings. From the very nature of the act it would be impossible in very many if not in most cases to establish the existence of such secret agreement by direct and positive testimony. Reliance must often be placed, and may very safely be placed, upon circumstances which lead to the conclusion that apparently isolated acts are truly parts of a common whole; that they have sprung from a common object, and have in view a common end. This case may present a very different aspect when the facts are fully developed, but assuming the facts to be as stated in the plaintiff's offer, a jury could find that the defendant refused to pay the plaintiff the amount that was due him, not because he had not fully performed his part of the contract, but because he would not do something he was not under obligation to do, and that the architect refused to give the certificate not in the exercise of his independent judgment upon the facts, but because the plaintiff would not comply with this unwarranted demand of the defendant." Upon careful reconsideration of the legal propositions involved in the foregoing, and full consideration of the evidence given on the succeeding trial and of the earnest and able argument of appellant's counsel as to its insufficiency, we are unable to conclude that the former were erroneous or that, applying them to the evidence, the case ought to have been withdrawn from the jury. The learned trial judge submitted it to the jury in a clear, adequate and impartial charge, which carefully guarded the defendant's rights, and in accordance with the views expressed by us when the case was here before. No complaint is made or could be made of the manner in which it was submitted, if it was to be submitted at all, which, as we have indicated, the court was bound to do.

The judgment is affirmed.