# Fay, Administratrix, v. Moore, Appellant.

*Contracts—Building contracts—Architect's certificate — Capricious refusal of certificate—Collision—Substantial performance—Minor defects—Deductions—Charge of court—Failure to request —Evidence—Striking out—Conclusion of law—Discretion of court.*

1. Where, in an action on a building contract brought by the administratrix of a decedent's estate to recover the balance alleged to be due from defendant who was the owner of a building constructed by plaintiff's decedent, it appeared the contract required that payments be made only upon the certificate of the architect and that the architect had not given a certificate; but where it appeared that the refusal of the architect to give the certificate was due to the fact that the architect objected to certain wood corner beading which had been used by the contractor; and that, in condemning the bead, the architect was not acting upon his own judgment as to the sufficiency of the work but at the dictation and to satisfy the whim of the owner, the fact that the architect's certificate was not produced did not necessarily preclude plaintiff from recovery.

2. Where objection was made to the use of chestnut instead of white pine lumber as called for by the contract in the making of

window sashes, but there was evidence that, although the contract provided that alterations should not be made except on the written order of the architect, and no such written order was given, the alterations were made at the request of the architect with the acquiescence of the owner so as to conform to the interior finish of the house, the case was for the jury.

3. Provisions in a contract requiring the production of the certificate of the architect showing completion of the work are intended as a protection of the owner against unjust claims by the contractor and to see that the contractor properly performs his agreement, and, in cases where the evidence establishes the refusal of the architect to be capricious, fraudulent or based on collusion with the owner, his withholding the certificate will not prevent the contractor from recovering the amount due him.

4. Where it appeared that the architect persisted in refusing a certificate of completion and that the contractor claimed a completion of the contract and that thereupon the owner procured a bid and contracted for additional work on the house which he considered necessary to complete the contract according to the specifications, for which he paid certain amounts which were deducted from the contract price, and that the architect signed a certificate to the effect that after such deductions a balance of $1,100 remained due the contractor, the trial judge properly charged the jury to consider the decision of the architect conclusive unless they found from the circumstances in the case his decision was the result of collusion with the owner and not a fair and impartial one, and properly permitted the jury to determine whether the contractor faithfully, honestly and substantially complied with the provisions of his contract, and properly charged the jury that if they so found, minor defects would not prevent a recovery for the amount due less a reasonable allowance for the cost of remedying the imperfections.

5. The refusal of the court in such case to strike out testimony of a witness for plaintiff who in reply to a question "What did you do" answered "I completed the work in accordance with the plans, specifications and contract, and the modifications by the architect" was not reversible error (as the statement was responsive to the question and was not a legal conclusion), particularly as the details of the work performed by the witness were more fully given in other parts of his testimony, and the action of the trial judge was a matter of discretion.

6. A complaint on appeal that the trial judge failed to properly instruct the jury on the question of deduction to be made from plaintiff's claim for failure to fully perform is not ground for reversal where the items refused and the principles applicable were

clearly stated and the jury had before them the architect's statement showing the amount defendant claimed to be entitled to set off and where further and more definite instructions were not requested at the trial.

*Practice, Supreme Court—Appeals — Defects in the record — Withdrawal of jurors—Remarks of counsel.*

7. The Supreme Court can not determine whether the refusal of the court to withdraw a juror because of statements made by counsel was an abuse of discretion where the record fails to state the subject-matter of the objectionable remarks.

Argued March 27, 1918.    Appeal, No. 379, Jan. T., 1917, by defendant, from judgment of C. P. No. 3, Philadelphia Co., Dec. T., 1905, No. 906, on verdict for plaintiff, in case of Ella M. Fay, Administratrix of the Estate of Edward Fay, Deceased, v. James S. Moore.    Before MESTREZAT, POTTER, MOSCHZISKER, FRAZER and WALLING, JJ.    Affirmed.

Assumpsit for balance alleged to be due plaintiff's decedent under a building contract.    Before McMICHAEL, P. J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $1,793.94 and judgment thereon.    Defendant appealed.

*Errors assigned* were in refusing to direct a judgment for defendant, refusing to enter judgment n. o. v., rulings on evidence and instructions to the jury.

*George J. Edwards, Jr.,* for appellant.—When a contract provides for the submission of the matters embraced therein to the judgment of the architect and engineer, or a named arbitrator, and provides that the decision of the person designated shall be final and conclusive, the award by the arbiter is binding upon the parties: Hostetter v. Pittsburgh, 107 Pa. 419; Kennedy v. Poor, 151 Pa. 472; Bowman v. Stewart, 165 Pa. 394; Gowen v. Pierson, 166 Pa. 258; Wiggins v. Columbian

Fireproofing Co., 227 Pa. 511; Kann v. Bennett, 234 Pa. 12; Ruch v. York City, 233 Pa. 36.

Neither party can successfully impeach the arbiter's award except on the ground of actual fraud: Kann v. Bennett, 234 Pa. 12.

*Ignatius A. Quinn,* with him *John J. Green,* for appellee, cited: Hunn v. Penna. Inst. for Instruction of Blind, 221 Pa. 403; Pittsburgh Terra-Cotta Lumber Co. v. Sharp, 190 Pa. 256.

OPINION BY MR. JUSTICE FRAZER, June 3, 1918:

Plaintiff, a contractor, sues to recover from the owner a balance alleged to be due under a contract for the erection of a building. The defense is that plaintiff failed to complete the work in accordance with the specifications whereby defendant was obliged to take possession of the building and finish it at an expense beyond the contract price. Plaintiff having died while the action was pending, his wife was substituted on the record as administratrix of his estate. The case has been tried three times, the result of the last trial being a verdict and judgment for plaintiff from which defendant appealed.

The first two assignments of error are to the refusal of the court below to give binding instructions and subsequently to enter judgment for defendant non obstante veredicto. The contract required payments to be made only upon the certificate of the architect. When the building was practically completed and a certificate for final payment requested, the architect notified plaintiff in writing that the work was not performed in accordance with the contract in certain specified particulars. Plaintiff contends the defects enumerated by the architect were rectified by him, while defendant avers such was not the case but, on the contrary, he was obliged to employ another contractor to complete the work.

The first objection is that corner beading was omitted. The specifications call for "wood corner beads on all exposed angles" but failed to set forth the particular kind of beading to be used. Plaintiff's son, who had charge of the construction work, testified beads were put on at exposed corners, and this does not seem to be denied, the contention being a different style of beading should have been supplied as appears in a subsequent letter from the architect, in which he states the owner "has instructed me to put on beads in accordance with his desire, although I have never seen that kind of bead which he desires, at the same time he states that nothing else [will] be accepted by him, so there is no other alternative, and therefore I am compelled to instruct you to make them different from what I would personally select." In another letter written a few days later, the architect says: "I am perfectly aware that the bead Mr. Moore desires is impractical as well as impossible, but as Mr. Moore gave me no other alternative in the matter and the best I could do was to give his instructions verbatim to you"; and in a third letter says he had again taken the matter up with the owner "and asked him to give me instructions for the regular old fashioned wood corner bead put on, which is the only thing that can be accomplished outside of the covered bead which you have at present and which Mr. Moore does not want." Under these circumstances the jury were warranted in finding the architect in condemning the bead used by plaintiff was not acting upon his own impartial judgment as to the sufficiency of the work but at the dictation and to satisfy the whim of the owner.

Another objection is the window sashes were of chestnut instead of white pine lumber as called for in the contract. With respect to this item, the testimony on behalf of plaintiff is to the effect the architect instructed him to use chestnut instead of pine, so as to conform to the interior finish of the house. The owner visited the work almost daily and with the architect made up lists

of matters to be attended to or corrected, among which appears a memorandum to the effect that the owner would consider the matter of using chestnut instead of white pine sash.   While it is true the contract provides that no alterations should be made except on the written order of the architect, the parties had the right to waive the provision: Raff v. Isman, 235 Pa. 347; and this the verdict indicates they did.   Furthermore, there is no attempt in this case to charge for extra work.

As to the various items of which complaint is made, the testimony on behalf of plaintiff is to the effect that portions of the work, the details of which were not mentioned in the specifications, were done under the direction of the architect, and that other variations and defects were remedied after complaint was received.   The architect having persisted in refusing a certificate of completion, giving as an excuse for his action the owner's dissatisfaction with the work, and the contractor continuing to claim a completion of the contract, the owner procured a bid and entered into a contract for the additional work on the house he deemed necessary to complete the contract according to specifications, paying therefor the sum of $819 and for other items the sum of $220, which amounts were deducted from the contract price, and the architect signed a certificate to the effect that, after deducting such items, a balance of $1,100 remained due the contractor.

While the testimony on behalf of plaintiff was contradicted by the architect and other witnesses for defendant, the case was necessarily for the jury to whom it was submitted by the trial judge with instructions to consider the decision of the architect conclusive, unless they found from the circumstances in the case his decision was the result of collusion with the owner and not a fair and impartial one.   The court also left to the jury to say whether the contractor faithfully, honestly and substantially complied with the provisions of his contract, and further charged, if they so found, and minor defects

or deficiencies existed, such defects would not prevent a recovery for the amount due under the contract, less a reasonable allowance for the cost of remedying the imperfections.

The provision in the contract requiring the production of the certificate of the architect, showing completion of the work, is intended as a protection to the owner against unjust claims by the contractor and to see that the latter properly carries out his agreement, and in cases where the evidence establishes refusal of the architect to be capricious, fraudulent or based on collusion with the owner, his withholding the certificate will not prevent the contractor from recovering the amount due him: Pittsburgh, Etc., Lumber Co. v. Sharp, 190 Pa. 256. There also being evidence in the case to support the conclusion of the jury that there was no wilful or intentional departure from the terms of the contract, the doctrine of substantial performance was applicable and was properly stated by the trial judge in accordance with the principles laid down in Morgan v. Gamble, 230 Pa. 165.

The remaining assignments of error present no cause for reversal. The third is to the refusal of the court to strike out testimony. A witness for plaintiff who had charge of the work, in reply to the question "What did you do?" answered "I completed the work in accordance with the plans, specifications and contract, and the modifications by the architect." This answer was a rather brief summary of what the witness did under the contract and by reason of its brevity the answer sounds like a legal conclusion rather than a statement of fact, yet the statement was directly responsive to the question and as the details of the work performed by the witness were given more fully in other parts of his testimony the discretion of the trial judge, in refusing to strike out the answer, is not an adequate cause for reversal: United States Telephone Co. v. Wenger, 55 Pa. 262.

The fourth assignment is to the refusal of the trial judge to strike out testimony to the effect that the change in the material used in window sashes was made upon

the verbal order of the architect. The question of waiver of the provisions of the contract requiring alterations to be in writing has already been referred to and need not be repeated.

The refusal of the court to withdraw a juror because of the statement made by counsel for plaintiff set forth in the fifth assignment does not seem to show abuse of discretion. The record fails to indicate the subject-matter of the objectionable remarks, and this court has no means of determining whether or not they were improper.

The sixth assignment objects to the action of the court in permitting a witness for plaintiff to testify that the fireplace was "pointed" in accordance with the direction of the architect. In regard to this objection, it is sufficient to say that specifications required the pointing of the masonry to be done "as directed" with no special provision for the fireplace.

We find nothing objectionable in the language of the court of which complaint is made in the seventh assignment, and furthermore the court subsequently gave each party an opportunity to have the case continued if they wished, counsel however expressed a desire that it be concluded.

The eighth assignment complains of the failure of the trial judge to properly instruct the jury on the question of deduction to be made from plaintiff's claim of damages for failure to fully perform his contract. While the charge in this respect was brief and the court did not refer in detail to the evidence or state amounts, either of plaintiff's claim or of the expense to which defendant was subjected, the items refused and the principles applicable, were clearly stated and the jury had before them the written statement of the architect showing the exact amount defendant claimed to be entitled to set off. If counsel deemed further and more definite instructions necessary he should have so stated at the time.

The assignments of error are overruled and the judgment affirmed.