## McCloskey et al., Appellants, *v.* Marks.

*Contracts—Building contract—Architect—Arbitration — Pleadings—Evidence.*

1. Where a building contract provides that a named architect shall determine the amount necessary to be paid the contractor for work to be done, his decision thereon, if made in good faith, is final and binding unless it is challenged in the way provided by the contract, or the subjects considered by him are the result of his own conduct.

2. In such case, in order legally to dispute the architect's award, the pleadings must show the objections made to the award, and the evidence must be limited to those objections.

Argued Jan. 22, 1919. Appeal, No. 208, Jan. T., 1918, by plaintiffs, from judgment of C. P. No. 4, Philadelphia Co., June T., 1917, No. 3306, on verdict for defendant in case of Matthew H. McCloskey, Jr., and Emil F. Bahls, trading as McCloskey & Bahls, v. Clarence L. Marks.

Before STEWART, FRAZER, WALLING and SIMPSON, JJ. Affirmed.

Assumpsit to recover balance alleged to be due upon a. building contract. Before CARR, J.

Verdict and judgment for defendant. Plaintiffs appealed.

*Error assigned* was portion of charge quoted in the opinion of the Supreme Court.

*Edward J. Mingey,* for appellants.—The contract did not by its terms commit to the sole decision of the architect the determination of any extension of the time fixed for completion: Yost v. McKee, 179 Pa. 381; Knipe v. Livingstone, .19 Montg. Co. 17; Memphis, etc., R. R. Co. v. Wilcox, 48 Pa. 161; Chandley Bros. v. Cambridge Springs Boro., 200 Pa. 230.

The contract conferred no authority upon the architect to pass upon and determine the merits of the defendant's claim for damages in consequence of this alleged breach, nor to fix the amount of such damages: Kann v. Bennett, 234 Pa. 12.

No matter what authority the contract conferred upon the architect, it certainly did not vest him with the power to pass upon a question to which he himself was a party: Shoemaker v. Riebe, 241 Pa. 402.

*Sundheim, Folz & Fleisher,* for appellee, were not heard.

OPINION BY MR. JUSTICE SIMPSON, February 3, 1919:

On September 29, 1916, plaintiffs contracted to erect for defendant a building, which was to be divided into stores on the first floor, and offices above. By the terms of the contract it was provided in Article VI that one of the stores should be completed on or before January 1, 1917, and the rest of the work before January 15,

1917; and that, for each and every day's delay thereafter, "the contractors are to pay to the owner the sum of $20 per day as liquidated damages, and not as a penalty, the amount to be deducted from the contractors final payments." Article VII provided that "should the contractor be delayed in the prosecution or completion of the work by the act, neglect or default of the owner, of the architect, or of any other contractor,......the time herein fixed for the completion of the work shall be extended for a period equivalent to the time lost by reason of any or all the causes aforesaid, which extended period shall be determined and fixed by the architect; but no such allowance shall be made unless a claim therefor is presented in writing to the architect within 48 hours of the occurrence of such delay." Article IX provided that payments for the work shall be made "only upon certificates of the architect." Article XII provided that in case the owner or contractor "should either of them dissent from the decision of the architect referred to in article VII of this contract, which dissent shall have been filed in writing with the architect within ten days of the announcement of such decision, then the matter shall be referred to a board of arbitrators" selected as therein provided.

Plaintiffs did not complete their work until a considerable time after the dates fixed therefor; but after it was completed a meeting was held for the purpose of determining what, if any, allowance should be made to the owner by reason of the delay, resulting in the architect making an allowance of $2,100 to the owner, and issuing to plaintiffs a certificate for the balance due, the amount whereof was subsequently paid by defendant. Plaintiffs claimed that they were entitled to the $2,100, but, instead of proceeding as provided by article XII above quoted, they brought the present suit to recover that sum, and in their statement of claim averred that the work was completed and the building accepted on or about April 15, 1917; that the delay was "due to the per-

formance by plaintiffs at the instance and request of defendant of the extra work" which was specified and amounted to $3,432.69; that the architect had wrongfully deducted the $2,100 for delay in completion, which was not chargeable because "of the conduct of the defendant and of his said architect." The statement does not aver of what the conduct referred to consisted. Defendant in his affidavit of defense alleged that the building was not completed or accepted "until on or after July 9, 1917"; that most of the delay was plaintiffs' fault; that the architect allowed them all the time to which they were entitled for the extra work done; that the conduct of defendant and his architect was not the cause of delay; and that plaintiffs did not dissent from the award and ask for arbitration as provided by article XII of the contract.

At the trial, evidence was produced by both parties, and no complaint is made in regard thereto. Plaintiffs themselves offered in evidence the building contract and the final certificate of the architect and sought to avoid being bound by the award by alleging that the correspondence and conversations between them and the architect showed a waiver of any right to damages for the delay. Neither in the pleadings nor the evidence did they challenge the right of the architect to determine the number of days' delay, or the amount to be deducted therefor, unless "the conduct of the defendant and of his said architect" operated to waive the provisions of the contract as to damages for delay. Plaintiff McCloskey admitted that all the claims which they made for delay were pursuant to article VII of the contract, that he was present and advised the architect as to the causes of delay at the time the award was made, and that they did not ask for an arbitration as provided by article XII.

The trial judge charged the jury that by the terms of the contract the determination of the extension of time for completion was submitted to the sole decision of the architect, and of course this is right, for the contract so

specifies; but he left to the jury to say whether or not "the defendant waived the right to exact this matter of payment for delay." He also told them that if the building was not completed in time "because of the delay ......of the defendant's architect, Hahn, of course that would excuse the plaintiffs as against this claim." And the last thing he said in his charge was: "Again I repeat to you, if you find that there was a waiver on the part of defendant to exact this penalty for delay, your verdict should be for the plaintiff. On the other hand, if you find there was no waiver, then you will consider what was the cause of delay. If you find the cause of delay was as the plaintiff contends, your verdict should be for him; on the other hand, if you find it was as the defendant contends, your verdict should be for him."

The charge in this respect was more favorable to plaintiffs than they had a right to ask. It practically gave no effect whatever to the decision of the architect. The pleadings, and the course taken at the trial, render inapplicable a number of the points suggested in appellants' argument. Unless we overlook both the pleadings and the evidence, which of course we cannot do, we must hold the assignments of error not to be well founded.

The judgment of the court below is affirmed.