# Bizet *v.* Smith, Appellant.

*Contract—Building contract—Architect's certificate—Fraud, collusion or caprice—Nonperformance.*

1. Where a building contract provides that the architect's certificate shall be final and conclusive, the amount specified therein can be recovered, unless there is proof that it was given as the result of fraud, collusion or caprice.

2. Where a building contract provides that all payments shall be due when certificates for the same are issued, that no certificate given or payment made except the final certificate or final payment shall be conclusive evidence of the performance of the contract, and that no payment shall be construed to be acceptance of defective work or improper materials, and a final certificate has been

given, honestly and in good faith, the defense of nonperformance of the contract is not available.

Argued October 3, 1921. Appeal, No. 150, Oct. T., 1921, by defendant, from judgment of C. P. Washington Co., May T., 1920, M. L. D., No. 16, on verdict for plaintiff, in case of John Bizet v. William C. Smith. Before MOSCHZISKER, C. J., WALLING, SIMPSON, SADLER and SCHAFFER, JJ. Affirmed.

Sci. fa. sur mechanic's lien. Before MCILVAINE, P. J. The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $1,589.48. Defendant appealed.

*Errors assigned* were various rulings and instructions, unimportant here, as appears by the opinion of the Supreme Court.

*Vernon Hazzard,* with him *Meyer Coldfarb,* for appellant.

*David M. McCloskey,* for appellee.

OPINION BY MR. JUSTICE SIMPSON, January 3, 1922:

Plaintiff agreed to build an addition to defendant's house, the contract requiring that the work should be done under the direction and subject to the approval of defendant's architects, that "all payments [therefor] shall be due when certificates for the same are issued" by the architects, and "that no certificate given or payment made under this contract, except the final certificate or final payment, shall be conclusive evidence of the performance of this contract, either wholly or in part, and that no payment shall be construed to be an acceptance of defective work or improper materials."

When plaintiff had completed the work, as he alleged it was to be done, he filed a mechanic's claim and then applied for and received from the architects a final

certificate, stating that the balance of the contract price was due and payable, specifying the amount thereof and how it was made up. Defendant having refused to pay this balance, a scire facias was issued on the claim, an affidavit of defense was filed thereto, and, upon the trial, plaintiff recovered a verdict and judgment, from the latter of which defendant appeals.

It is not necessary to consider the assignments of error in detail, since we are all of opinion the court below should have given binding instructions for plaintiff. There was no evidence offered or produced in any way affecting the certificate of the architects, which, on the contrary, defendant admitted was honestly given, and not as the result of fraud, collusion or caprice, and hence barred the defense he endeavored to make : Monongahela Navigation Co. v. Fenlon, 4 W. & S. 205; Hostetter v. City of Pittsburgh, 107 Pa. 419; Bowman Bros. v. Stewart, 165 Pa. 394; McCloskey v. Marks, 263 Pa. 441.

This conclusion is not affected by the last clause above quoted "that no payment shall be construed to be an acceptance of defective work or improper materials," not only because it specifically refers to a "payment" only, which, so far as the present claim is concerned, has not yet been made; but also because it can only relate to the partial payments, for under the immediately preceding clause of the same paragraph, which of course must be considered in determining the meaning of this one, "the final certificate or final payment shall be conclusive.evidence of the performance of this contract"

The judgment of the court below is affirmed.