## Zimmerman, Appellant, *v.* Marymor et al.

*Contract — Building contract — Architect's certificate — Strict construction—Arbitration—Fraud—Collusion—Case for jury.*

1. Where a building contract provides that no final payments are to be made by the owners until the architect certifies in writing to a satisfactory completion of the work, no recovery can be had against the owner where the architect merely certifies that the contractor is entitled to the payment of an amount stated, without any averment of a satisfactory completion of the work.

2. In such case where the evidence tends to show that much of the work was so defectively done as to be worthless, and that the contractor and architect had been in collusion to defraud the owner, and were in fact partners, the case against the owner for payment of the balance alleged to be due, is for the jury.

3. Where the effect of an architect's certificate in a building contract is to deprive a party of trial by jury, the provision for such certificate must be construed strictly.

Argued May 12, 1927. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 166, Jan. T., 1927, by plaintiff, from judgment of C. P. No. 1, Phila. Co., March T., 1924, No. 327, on verdict for defendants, in case of Benjamin D. Zimmerman, trading as Zimmerman Construction Co. v. Nora Marymor et al. Affirmed.

Assumpsit on building contract. Before BARTLETT, P. J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for defendants. Plaintiff appealed.

*Error assigned,* inter alia, was refusal of binding instructions for plaintiff, quoting record.

*W. Horace Hepburn, Jr.,* for appellant, cited: Payne v. Roberts, 214 Pa. 568; Adinolfi v. Hazlett, 242 Pa. 25; Thaler Bros. v. Construction Co., 229 Pa. 512.

*Paul Reilly,* for appellees, cited: Kann v. Bennett, 234 Pa. 12; Murphy v. Orne, 185 Pa. 250; Chandley Bros. v. Boro., 200 Pa. 230; Lauman v. Young, 31 Pa. 306; Somerset Boro. v. Ott, 207 Pa. 539; Hunn v. Institute, 221 Pa. 403; Ruch v. York, 233 Pa. 36.

OPINION BY MR. JUSTICE WALLING, June 25, 1927:

This action is in assumpsit on a building contract. On August 24, 1923, plaintiff entered into a written contract with defendants agreeing to furnish all material and labor to erect for them six one-story brick stores at Thirty-fourth and Hamilton Streets, Philadelphia, for the consideration of $11,200. The material to be of the best quality of its kind and the work to be done in the most substantial and thoroughly workmanlike manner and to be completed by January 1, 1924, with a penalty of $15 a day as liquidated damages for delay. The work to be done under the supervision of William L. Charr, architect, and payments to be made on his certificates as the different parts of the buildings were finished. At the completion, the balance of $5,200 was to be paid $500 in cash and a four months' note for $4,700. The contract provided, inter alia, as follows: "that before the said last payment of $500, and the said note is delivered to the contractor, the contractor shall first furnish a full release of mechanics' liens to the owners as hereinafter set forth, and provided, further, that no pay-

ments are to be made by the owners unless and until the architect in writing certifies a satisfactory completion of the work for which payment is requested, provided, further, that no certificate given or payment made under this contract, except a final certificate or final payment shall be conclusive evidence of the performance of this contract, either wholly or in part, and that no payment shall be construed to be an acceptance of defective work or improper materials." To assist the contractor, prior payments, amounting to $6,000, were made on the architect's certificates before the work respectively calling for them was completed. The last certificate given by the architect was as follows:

"$5,200                    January 26, 1924.

......To Nora Marymor and Otto Mish

"This is to certify, that Zimmerman Construction Company, Contractor for the six one-story stores of Nora Marymor and Otto Mish is entitled to a payment of fifty two hundred dollars divided five hundred cash and judgment note for balance payable within four months from date, by the terms of contract.

"William L. Charr, Architect.

......Remarks: This voucher is for final payment for building of six stores at N. E. Cor. 34th & Hamilton Streets." The suit is based on this certificate, which defendants refused to honor.

Defendants' evidence tended strongly to show that much of the work was so defectively done as to be worthless; that the cellars were less than the required depth; that the brick work was uneven and out of plumb and laid in mortar which was scarcely more than wet sand; that the carpenter and mill work were done but little better and that the roofs were so defective as to admit water in quantities to destroy the plaster and undermine the walls, some of which fell before the job was done. Other defects not necessary to mention were pointed out and as a matter of fact defendants employed a new architect and let a new contract to other parties to com-

plete the buildings at an expense of $4,200, which, with the delay, etc., caused defendants a loss exceeding plaintiff's claim.

Plaintiff's claim found support in his own testimony and in that of the architect; but the latter admitted the work, as shown by photographs taken a week after the date of his last certificate, disclosed defective work, but claimed the buildings had been tampered with meantime, of which there was no proof. The evidence for plaintiff attributed the falling of the walls to undermining done by a third party while placing tanks in the basements. The evidence was conflicting as to the character of the work and completion of the contract, all of which was submitted to the jury, upon whose finding for defendants judgment was entered and plaintiff brings this appeal.

The only alleged error called to our attention by the statement of question involved is the refusal of the trial judge to instruct the jury that the last certificate of the architect, as above quoted, was conclusive evidence of the plaintiff's performance of the contract. As to which, it may be sufficient to say the certificate is not in form such a final one as is specified in the contract; for it makes no averment of the satisfactory completion of the work. When we consider that each prior certificate had been given before the completion of the work specified therefor, it would be strained construction to hold that the one above quoted indicated a satisfactory completion of the work. As the effect of the architect's certificate is to deprive a party of trial by jury, it must be construed strictly: Hunn v. Penn. Inst. for the Blind, 221 Pa. 403; Chandley Bros. & Co. v. Cambridge Springs, 200 Pa. 230, 233; Lauman v. Young et al., 31 Pa. 306.

Furthermore, there was ample evidence, although contradicted, to support a finding of such fraudulent collusion between plaintiff and the architect as to nullify the certificate, regardless of its form. Defendants' evi-

dence tended to show that plaintiff and the architect were in fact partners in the building operation. This evidence consisted of alleged admissions of plaintiff to that effect, supplemented by the admitted facts that he was an insurance agent with no experience as a builder and that this was his first and, so far as appears, only venture in that direction; also by the fact that he paid but slight attention to this work, while the architect seemed to have had practically entire charge, including the hiring of the workmen, at least in some instances; also by the apparent zeal of the architect to serve the interests of the contractor in glaring disregard of the owners' rights. Under such circumstances the defendants were not concluded by the architect's certificate. See Fay v. Moore, 261 Pa. 437; also opinion of Judge Rice in Fay v. Lester Piano Co., 39 Pa. Superior Ct. 87, and same case, on prior appeal, 32 Pa. Superior Ct. 437. Plaintiff could derive no advantage from the fraud, if such it was, to which he was a party, for collusion between the arbitrator and the party benefited will impeach an award: Pittsburgh, etc., Lumber Co. v. Sharp, 190 Pa. 256; Lucas Coal Co. v. D. & H. Canal Co., 148 Pa. 227; McNally v. Montour R. R. Co., 51 Pa. Superior Ct. 51; and see Hartupee v. Pittsburgh, 131 Pa. 535, also Gonder v. R. R. Co., 171 Pa. 492. Under the evidence the question of the performance of the contract was for the jury and sending the case to them was not error of which plaintiff can complain. It is unnecessary to consider the matter of release of liens.

The judgment is affirmed.