Evans, Inc. *v.* School District of Township of Darby, Appellant.

Argued November 23, 1932.

414

Before Trexler, P. J. Keller, Gawthrop, Cunningham, Baldrige, Stadtfeld and Parker, JJ.

*Howard M. Lutz* of *Lutz, Ervin, Reeser and Fronefield,* for appellant.

*Edward J. Mingey,* for appellee.

Opinion by Parker, J., March 3, 1933:

Plaintiff agreed to construct a school building for the defendant under the supervision of an architect, Arnold H. Moses. Partial payments were to be paid by defendant at the rate of 85 per cent of monthly estimates of the architect. The final payment was to be "made within thirty days after the completion of the work, as certified to by the architect, provided only upon the presentation to the owner of a complete and proper release of liens executed by each and every subcontractor, etc." On December 14, 1928, the architect issued to the plaintiff a certificate designated as "Certificate No. 3418 for final payment," which contained the following: "This is to certify, that Geo. H. Evans, Inc., contractors for general construction of school building, Hook Road and Sharon Avenue are

entitled to a payment of twelve hundred and seven 99-100 dollars, by the terms of contract.'' This was followed by a statement signed by the architect showing contract price, additions, deductions and total of same, previous payments, and that the sum of $1,207.99 would balance the account.

No affidavit of defense was filed. At the trial before a jury, plaintiff offered the contract, final certificate of the architect, and proof of delivery of release of liens, and rested. Defendant then offered three letters (defendant's Exhibits ''A,'' ''B,'' and ''C''), to which we will refer later, in conjunction with the contract already offered. To this offer there was further added: ''I will further offer to prove in contention of defective work that has been performed by plaintiff, the amount of money it will cost to remedy same and put it in the condition it should have been under the terms of the plans and specifications.'' Objections to this offer were sustained, and the defendant having rested, binding instructions were given for the plaintiff.

There was not anything in the offers of the defendant that in any way affected the certificate of the architect or suggested that it was not ''honestly given,'' or that there was fraud, collusion, or caprice. Defendant's Exhibit ''C'' was a letter addressed by the plaintiff to the architect advising him that he had theretofore done more work than was required of him in an effort to placate the defendant, and expressed surprise that the architect intended to authorize the board to have work done again, and gave notice that he would take steps to collect the balance due. Exhibit ''B'' was a letter of the following day, addressed by the architect to the plaintiff, and was as follows: ''Yours of the 20th inst. to hand and contents noted, and I would suggest that you refer to the general conditions of the specifications under the heading 'Payments Withheld.' '' Exhibit ''A'' was a letter from

the architect to the secretary of the defendant, enclosing copies of Exhibits "B" and "C." The certificate of the architect was conclusive: Bizet v. Smith, 272 Pa. 31, 115 Atl. 868; Kennedy v. Poor, 151 Pa. 472, 25 Atl. 119; Payne v. Roberts, 214 Pa. 568, 64 Atl. 86. Had there been an offer to prove fraud, collusion, or caprice the situation would have been different: Fay v. Moore, 261 Pa. 437, 104 Atl. 686; Fay v. Lester Piano Co., 39 Pa. Superior Ct. 87; Pittsburgh Terra-Cotta v. Sharp, 190 Pa. 256, 42 Atl. 685; Zimmerman v. Marymor, 290 Pa. 299, 302, 138 Atl. 824.

In the case of Bizet v. Smith, the same contention was raised as is here suggested with relation to the effect of a provision in the contract in regard to defective work and its effect on the final payment. Mr. Justice SIMPSON there said (p. 33): "This conclusion is not affected by the last clause above quoted 'that no payment shall be construed to be an acceptance of defective work or improper materials,' not only because it specifically refers to a 'payment' only, which, so far as the present claim is concerned, has not yet been made; but also because it can only relate to the partial payments."

Appellant refers to the case of Zimmerman v. Marymor, supra, but there is not any inconsistency between the conclusions in that case and those in the Bizet case. In the Zimmerman case, there was ample evidence of fraudulent collusion between the plaintiff and the architect to nullify the certificate, regardless of its form. The contract also contained a provision "that no payments are to be made by the owner unless and until the architect in writing certifies a satisfactory completion of the work for which payment is requested." Appellant also suggests that the parties have themselves placed a construction upon the contract inconsistent with the construction adopted by the lower court, relying upon the fact that the plaintiff in its letter to the architect stated that he had re-

placed some work. The well settled principle that the construction placed upon a contract by the parties themselves is a valuable aid in interpreting the contract has no application here. Any conscientious contractor would endeavor to satisfy his patron. The fact that he did such work voluntarily is not evidence that he should answer any demands of the other party to the agreement, much less that it should alter the clear meaning of the words of a written contract.

The judgment of the lower court is affirmed.