## Kennedy *v.* Poor et al., Appellants.

*Building contract—Reference to decision of architect.*

Where a building contract provided that the work was to be done according to the plans and specifications of the architect, under his general direction and to his satisfaction, and the architect certified that he had examined the work and accepted it as having been done substantially in accordance with the plans and specifications, the owner cannot show that the work was not done in accordance with the contract, in the absence of evidence of fraud and collusion between the builder and the architect.

Argued October 5, 1892. Appeal, No. 118, Oct. T., 1892, by defendants, C. L. Poor et al., from judgment of C. P. Venango Co., April T., 1890, No. 34, on verdict for plaintiff, James Kennedy. Before STERRETT, GREEN, WILLIAMS, MCCOLLUM, MITCHELL and HEYDRICK, JJ.

Sci. fa. sur mechanics' lien.

On the trial the evidence was to the following effect: Plaintiff entered into a contract with defendants, by the terms of which plaintiff agreed " to furnish all necessary materials, tools and labor, and construct for the parties of the second part, on the Poor farm, at Shamburg, Pa., one dwelling house (except the excavation, stone work and drain,) according to the details, plans and specifications drawn by H. S. Bates, architect, and made part hereof. The work to be done under the general direction of said architect and to his satisfaction. No

changes to be made in the plans, details or specifications without the written assent of all the parties hereto."

Upon completion of the work the architect signed and delivered to plaintiff the following certificate: " This will certify that I have examined your work in the construction of the house which you contracted with the Messrs. Poor to build on the 'Poor' farm in Shamburg; and accept it as having been done substantially in accordance with the plans and specifications made and provided by me for your guidance."

Defendants' point, refused, was as follows:

" 1. The contract between the plaintiff and defendants does not make the architect the sole judge as to whether the plaintiff has performed his part of the agreement; and the architect's acceptance of the work is not conclusive upon defendants, and defendants are entitled to show that the plaintiff did not substantially comply with his contract, and that the material he furnished was not as good in quality as called for by the contract, and that the work was not done in a workmanlike manner, as a basis to sustain any damages by the defendants, even though no fraud or collusion between the plaintiff and Bates be shown."

The court directed a verdict for plaintiff; defendants appealed.

*Errors assigned* were, among others, above instructions, quoting them.

*Robert F. Glenn, Lee & Criswell* with him, for appellants. —The right to trial by jury is not to be taken away by implication: Launman v. Young, 31 Pa. 306; Drhew v. Altoona, 121 Pa. 420. There is no decision which holds that a party shall be bound by the decision of an arbiter, unless by express agreement in words that cannot be understood. The language here was intended merely as instruction to plaintiff. The last sentence shows that conclusively.

*J. H. Osmer* and *Byles & Mackey*, not heard, for appellees, cited, Singerly v. Thayer, 108 Pa. 291; Zaleski v. Clark, 44 Conn. 218; s. c. 26 Am. R. 446; Brown v. Foster, 113 Mass. 136; s. c. 18 Am. R. 463; Tyler v. Ames, 6 Lans. 280; McCarren v. McNulty, 7 Gray, 139; Hart v. Hart, 22 Barb. 606.

OPINION BY MR. JUSTICE STERRETT, October 31, 1892.

The manifest purpose of the provision contained in the contract in this case, that the work should be done to the "satisfaction" of the architect, was to ascertain the fact of completion, and to prevent just such defences as the present. It is conceded that if, by the terms of the contract, the decision had been left to this defendant, his action, taken in good faith, would have been conclusive on both parties: Singerly v. Thayer, 108 Pa. 291. Then, why should not the same result follow when the decision is, by the terms of the contract, left to a stranger? The object being the same in either case, why should the selection of a stranger defeat that object? Presumably, no more suitable selection can be made than the architect who draws the plans and is to superintend the work. He is certainly more competent to determine any difficulty that might arise than a jury indifferently chosen and without the requisite information or power to acquire it: Monong. Nav. Co. v. Fenlon, 4 W. & S. 205. This reference was an essential part of the contract, voluntarily entered into by the parties. There was no rule or policy of law which forbade it; and neither party is at liberty to depart from it. There having been no offer to prove that the architect had acted in bad faith, his decision must be treated as final.

It is unnecessary to consider the specifications of error seriatim. Neither of them is sustained.

Judgment affirmed.