# Harrity et al., Appellants, *v.* Continental-Equitable Title & Trust Co. et al.

*Trusts and trustees—Duties—Active trust.*

1. Where the duty of renting and selling real estate and dividing the proceeds devolves upon a trustee, the trust is an active one.

*Contracts—Construction—Conflicting provisions—Construction by parties—Trust and trustees—Trust agreement.*

2. A contract must be so construed, if possible, as to give effect to all of its provisions.

3. An interpretation will not be given to one part of a contract which will annul another part of it or produce absurd results.

4. A clear provision in a written contract cannot be overcome by one that is doubtful.

5. Where there is a repugnancy, a general provision in a contract must give way to a special one covering the same ground.

6. Where several joint owners of real estate execute a deed of trust by which the trustee is given discretionary power to rent and sell the property, and the owners reserve no rights therein, except to share in the proceeds, such power of sale given to the trustee is not defeated by a later clause in the agreement which provides that any dispute among the owners as to "the management of the business" shall be settled by a majority in interest.

7. The management of the business of a syndicate owning real estate does not necessarily mean a sale of such real estate, especially where the matter of sale has already been provided for in the same instrument.

8. In such case the mere fact that the trustee had sought the approval of one of the beneficiaries before contracting to sell, is no proof that the parties construed the agreement as requiring the consent of the beneficiaries to a sale of the property.

Argued March 18, 1924. Appeal, No. 326, Jan. T., 1924, by plaintiffs, from decree of C. P. No. 2, Phila. Co., Dec. T., 1923, No. 3709, dismissing bill in equity, in case of Rose M. Harrity, trustee under will of William F. Harrity, deceased, and Martha A. Kelley, widow of John A. Kelley, deceased, and John A. Kelley, Jr., son of John A. Kelley, deceased, both being trustees of the estate of John A. Kelley, deceased, v. Continental-Equitable Title & Trust Co., and George Williams. Before MOSCHZISKER, C. J., FRAZER, WALLING, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Bill to enjoin sale of real estate. Before STERN, J. The opinion of the Supreme Court states the facts. Bill dismissed. Plaintiffs appealed.

*Error assigned* was, inter alia, decree, quoting it.

*John Weaver*, with him *Alfred R. Haig*, for appellants. —The contention of appellants is: (1) That there is no inconsistency in the various clauses of this agreement, and that the third clause should be read into every part of the contract; and (2) that in the construction of the agreement, even if the language had been ambiguous, the interpretation of it by the parties is entitled to great, if not controlling, influence: Straus v. Wanamaker, 175 Pa. 213; Fee v. Emporium Lumber Co., 50 Pa. Superior Ct. 557; Miller v. Hotel Co., 248 Pa. 541; DeHaven v. Williams, 80 Pa. 480; Sinclair v. Jackson, 8 Cowen 533; Vandever's App., 8 W. & S. 405; Fesmire v. Shannon, 143 Pa. 201.

*Francis Shunk Brown*, with him *Ira Jewell Williams*, for appellee.—An instrument is to be construed from its

four corners if possible, as a harmonious whole, avoiding absurdities; to make the arbitration clause overrule the discretionary sale clause would be to strike down the specific by a misapplication of the general: Collison v. Phila., 233 Pa. 350; Wilson v. Peerless Co., 240 Pa. 473; Phila. v. Peters, 18 Pa. Superior Ct. 388.

The arbitration clause was really an omnium gatherum, vague in language and general in intent: and the general never overrides the special and specific: Keiser v. Real Estate Co., 43 Pa. Superior Ct. 130; Codding v. Wood, 112 Pa. 371; Penna. Horticultural Society v. Craig, 240 Pa. 137; Cheetham v. Muhlenberg, 133 Pa. 309; Heck's Est., 170 Pa. 232; Yost v. McKee, 179 Pa. 381; Sheetz's Est., 82 Pa. 213; Hiestand v. Meyer, 150 Pa. 501.

This was an active trust: Mooney's Est., 205 Pa. 418.

The nonrecording of the deed of trust confirms the actual intent of the parties to clothe the trustee with full discretionary power to sell: Graham v. Dempsey, 169 Pa. 460.

Presumably the parties contemplated not a perpetuity, but a disposal within a reasonable time, and twenty-one years is a reasonable time: Standard Interlock Elevator Co. v. Wilson, 218 Pa. 280.

OPINION BY MR. JUSTICE WALLING, April 14, 1924:

This bill was filed by beneficiaries to restrain the sale of real estate by a trustee. In 1902 the late William F. Harrity and others, known as the Haverford Road Tract Syndicate, entered into a written agreement creating a trust and constituting the Equitable Trust Company, of Philadelphia, now the Continental-Equitable Title & Trust Company, trustee, whereby the syndicate agreed to and did supply the trustee with funds to purchase a ninety-eight acre tract of land, located near the City of Philadelphia, which, the trustee having accepted the trust, was bought accordingly. The agreement stipulates: "That the said trustee shall hold the said tract of land as trustee for the purpose of making sale of the

same and dividing the net proceeds of said sale or sales, less all proper charges and expenses, among the members of the said syndicate, in the proportion of their respective interests as registered upon the books of the said trustee"; also, pending sale, authorizing the trustee to rent the same or any part thereof upon such terms as it might deem best, and further providing that: "For the purpose of converting the said tract of land into money, the trustee shall from time to time sell the said tract of land in whole or in parts, at either public or private sale, for such purposes, at such price or prices and upon such terms and conditions as it, the trustee, shall deem best, free and discharged of all trusts and limitations whatsoever, without any liability on the part of any purchaser or purchasers to see to the application of the purchase money." The agreement further provides that the members of the syndicate shall have no title or interest in the land but only in its proceeds after sale, and contains a later provision that: "Any difference or dispute which may arise in connection with the management of the business of the said syndicate shall be settled and determined by a majority in interest, not in default as aforesaid of said syndicate, and the decision of said majority shall be final and binding upon each and all the parties hereto." In 1923 the trustee entered into a written contract with its codefendant, George Williams, to sell the tract of land to him for $215,000, on which he paid $10,000. Meantime, Harrity had died and his widow, Rose M. Harrity, together with the Girard Trust Company, had become trustees under his will, and John A. Kelley, another member of the syndicate, had also died and his widow, Martha A. Kelley, John A. Kelley, Jr., and the Girard Trust Company had become trustees under his will. The Harrity estate and the Kelley estate were entitled to seventeen thirty-thirds of the proceeds of the syndicate property. In other words, they constituted a majority of the syndicate in interest. The Girard Trust Company, as a trustee of the two estates, approved

of the proposed sale to Williams, but no other trustee of either estate was consulted or consented thereto. Upon learning of the proposed sale, the nonconsenting trustees of both estates filed this bill to prevent its consummation; wherein is averred neither fraud nor inadequacy of price, but merely that "they [the plaintiffs] verily believe that the said property should not be sold at this time, for the price mentioned in the said contract." On demurrer the trial court dismissed the bill, hence this appeal by plaintiffs.

The duty of renting and selling the property and dividing the proceeds, devolved upon the trustee; it was therefore an active trust: Whiteley's Est., 273 Pa. 364; Deniston v. Deniston, 263 Pa. 224; Henderson's Est., 258 Pa. 510; Mooney's Est., 205 Pa. 418. The primary object of the trust was the sale of the property and by the express and specific provisions of the trust agreement above quoted, the power to sell was vested in the trustee and made subject to its discretion. This special provision was not destroyed by the later general clause, also quoted, that disputes as to the management of the syndicate should be determined by a majority in interest. A contract must be so construed, if possible, as to give effect to all of its provisions: Vulcanite Paving Co. v. Phila., 239 Pa. 524; Thompson v. Craft, 238 Pa. 125; McMillin v. Titus, 222 Pa. 500; Knickerbocker Tr. Co. v. Ryan, 227 Pa. 245. In the last case, Mr. Justice MESTREZAT, for the court, says: "It is a rule of universal application that in construing a contract each and every part of it must be taken into consideration and given effect if possible, and that the intention of the parties must be ascertained from the entire instrument." This was properly done here by the trial court in holding that the power of sale remained in the trustee and that the provision as to the management of the business of the syndicate had reference to other matters than the sale of the property, pertinently saying: "Since the two clauses involved seem to be mutually contradictory if applicable

to the same subject-matter, and since a court should so construe a written agreement if possible as to reconcile all of its component parts, the conclusion would seem proper that by the word 'business' is not meant the sale of the land but rather such incidental matters as may result from holding land for an uncertain number of years. Thus there may be questions as to making improvements, laying out the land in building lots, opening streets, possible litigation with governmental authorities or with neighboring owners, employment of caretakers or others, and the like." The management of the business of a syndicate does not necessarily mean a sale of its real estate, especially where the matter of sale has already been provided for in the same instrument. It cannot be assumed that the parties in such apt language gave a power of sale, in fact created the trust largely for that purpose, and then immediately struck it down. An interpretation will not be given to one part of a contract which will annul another part of it or produce absurd results (Tustin v. Phila. & R. C. & I. Co., 250 Pa. 425), nor can a clear provision in a written instrument be overcome by one that is doubtful: Yost v. Insurance Co., 179 Pa. 381, 385; Sheetz's App., 82 Pa. 213. We say struck it down, for if the management clause applies to the sale of the property, then all power and discretion is transferred from the trustee to the majority in interest of the syndicate, and the former would have no discretion even to refuse to sell on request of the latter.

Moreover, treating the clauses as irreconcilable, the general provision as to management must give way to the special provision as to sale, under the rule that, where there is a repugnancy, a general provision in a contract must give way to a special one covering the same ground: Keiser v. Reading S. R. Est. Co., 43 Pa. Superior Ct. 130; Elliott on Contracts, vol. 8 (Supplement), section 1515, p. 242; English v. Shelby, 116 Ark. 212, 172 S. W. 817. It is analogous to the rule that written provisions in a contract overcome such as are printed. See 6 R. C. L.

pp. 847, 848, also Heistand v. Meyer, 150 Pa. 501. There is another general rule, not necessary to invoke here, that the later of two totally repugnant clauses in a deed or contract must give way to the earlier: Straus & Sons v. Wanamaker, 175 Pa. 213; 6 R. C. L. p. 847.

The mere fact that the defendant trustee sought the approval of the Girard Trust Company before contracting to sell, is no proof that the parties construed the agreement as requiring the consent of the beneficiaries to a sale of the property.

It is not necessary to consider the other questions called to our attention.

The decree is affirmed and appeal dismissed at the costs of appellants.