# Schwarz v. Bank of Pittsburgh National Association, Appellant.

*Banks and banking—Checks—Forgery—Certified check—Principal and agent.*

1. Where one is given power of attorney to draw checks on the account of another in payment of certain debts due, and the agent does so, and then forges the names of the payees, and secures other certified checks in lieu thereof, which he misapplies, the account of the principal cannot be charged with the amounts improperly withdrawn.

*Practice, C. P.—Judgment n. o. v.—Increase on amount of verdict for plaintiff.*

2. The court may allow a judgment n. o. v. for plaintiff, where the verdict for plaintiff omitted amounts legally due him, if it appears that binding instructions for plaintiff for the whole amount would have been warranted at the trial.

Argued March 19, 1925.  Appeal, No. 125, Oct. T., 1922, by defendant, from judgment of C. P. Allegheny

Co., Oct. T., 1919, No. 1662, for plaintiff n. o. v., in case of Adolph M. Schwarz v. Bank of Pittsburgh National Association. Before WALLING, SIMPSON, KEPHART and SADLER, JJ. Affirmed.

Assumpsit by depositor against bank to recover amount of certain cashier's checks charged against plaintiff's account. Before SHAFER, P. J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $819.95. Judgment n. o. v. for plaintiff for $1,714.43. Defendant appealed.

*Error assigned* was, inter alia, refusal of judgment for defendant n. o. v., quoting record.

*Howard Zacharias,* with him *Joseph Stadtfeld* and *Reed, Smith, Shaw & McClay,* for appellant, cited: Hannon v. Land Co., 44 Pa. Superior Ct. 266; Guarantee Trust & Safe Deposit Co. v. White, 206 Pa. 611; Marks v. Savings Bank, 252 Pa. 304; Morris & Bailey Steel Co. v. Bank, 277 Pa. 81; Jersey City First Nat. Bank v. Leach, 52 N. Y. 350.

*Frederic W. Miller,* for appellee.

OPINION BY MR. JUSTICE SADLER, April 13, 1925:

Schwarz, plaintiff, a resident of New York, conducted a collection agency in the City of Pittsburgh. He appointed an agent to carry on his business in the latter place, and, by written paper, authorized "Benjamin Leder to sign checks for the withdrawal of funds from [his] account, and to endorse checks for deposit with the Bank of Pittsburgh N. A. upon the above signature." As agent, several checks were drawn by Leder, and deposited under the power of attorney given. He later became short in his accounts, and temporarily concealed this fact by "kiting" from a personal deposit which he kept in the Potter Title & Trust Company. Between

May and July of 1919, he drew on his principal's account, in the defendant's bank, to the order of named payees, for whom collections were supposedly made, but without any endorsement of the one designated, and requested that cashier's certificate for like amount, payable to the same individuals or corporations, be issued, which was done. In each instance, the account of Schwarz was charged with the amount of the new obligation. The agent, without any authority, endorsed the newly certified checks, as pretended agent of the payee named, and deposited them in his personal account in the second institution named, and, in due course of business, they were paid.

Schwarz insisted the amounts drawn against his account, and upon which the name of the payee had been forged, were not chargeable to him, and brought suit to recover the amount alleged to be due as a depositor. It appeared on the trial that certain refunds to the account had been made by the agent, and, as a result, the verdict was limited to $819.95, subsequently increased, on motion, by $711.39 a payment supposedly authorized by the principal, but found by the trial judge to be error. The authorities justify the action of the court in making the necessary correction, in view of the fact that binding instructions would have been warranted: Dalmas v. Kemble, 215 Pa. 410. It is, however, contended by appellant that the power of attorney given by Schwarz, and above referred to, fully protected the bank in the payments made, though the checks were drawn in the name of payees who did not actually sign and endorse the obligations. Had this been done, Schwarz would have received evidence of the cancellation of his indebtedness from those for whom he was acting. From the judgment as finally entered in his favor this appeal has been taken.

Where a bank issues its check, as was here done, to a named payee, it is that person to whom payment must be made, and, if a forgery occurs, it will be liable for the

loss resulting: United Sec. Life Ins. Co. v. Bank, 185 Pa. 586; Califf v. First National Bank, 37 Pa. Superior Ct. 412. The check as certified belongs to the one in whose favor it is drawn, and it is only when properly endorsed that it may be cashed: Central Guarantee Trust & Safe Dep. Co. v. White, 206 Pa. 611. Of course, if the payee has reason to believe the obligation has been misused, it is his duty to give prompt notice, so that no loss may occur to the institution upon which it is drawn: Marks v. Anchor Savings Bank, 252 Pa. 304; McNeely Co. v. Bank of North America, 221 Pa. 588. In the present instance, Leder signed the checks as agent for the payees, without any authority from them, and therefore the same could not be charged against the account of Schwarz, notwithstanding the broad terms of the power of attorney, though it should be strictly construed: Califf v. First National Bank, supra.

It follows from what has been said that the defendant bank was without authority to charge against the plaintiff's account the amount improperly withdrawn by forged signatures, and a judgment in his favor was properly directed; the assignments of error are overruled.

The judgment is affirmed.