## Showers, Appellant, *v.* Merchants National Bank.

*Banks and banking—Forged endorsement of check—Duty of depositor.*

1. When a depositor of a bank discovers that his checks have been paid on forged endorsements, it is his duty to promptly notify the bank, turn the checks over to it upon being requested so to do, taking a receipt or security therefor from it, and to aid and coöperate with it in recovering the money from those liable on the guaranteed endorsements.

2. It seems a bank may waive its right to have returned to it checks bearing forged endorsements by not making a demand for them or by repudiating liability without requesting an examination of them.

Argued April 10, 1928. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 112, Jan. T., 1928, by plaintiff, from judgment of C. P. Schuylkill Co., Nov. T., 1923, No. 463, for defendant n. o. v., in case of Harry Showers v. Merchants National Bank. Affirmed.

Assumpsit on checks. Before KOCH, J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff. Judgment for defendant n. o. v. Plaintiff appealed.

*Error assigned,* inter alia, was judgment for defendant n. o. v., quoting record.

*G. H. Gerber,* with him *A. D. Knittle,* for appellant.— Plaintiff was not required to surrender the checks to the bank without receiving credit or cash for their face value: Iron City Nat. Bank v. Bank, 159 Pa. 46; Cornelius v. Bank, 15 Pa. Superior Ct. 82; Pa. Ins. Co. v. Bank, 70 Pa. Superior Ct. 36.

*J. L. Stauffer* and *Geo. M. Roads,* for appellee, submitted a printed brief in which they cited: Rick v. Kelly, 30 Pa. 527; Roth v. Crissy, 30 Pa. 145; Chambers v. Bank, 78 Pa. 205; Beetem v. Burkholder, 69 Pa. 249; McNeely Co. v. Bank, 221 Pa. 588; Marks v. Bank, 252 Pa. 304; Land Title & Trust Co. v. Bank, 196 Pa. 230.

OPINION BY MR. JUSTICE SCHAFFER, May 7, 1928:

Plaintiff, a depositor in defendant bank, brought suit against it to recover the amount represented by four checks which he had drawn on it in payment for stock in a rubber company, claiming that the bank had paid the checks on forged endorsements and that he had never received the certificates of stock. The verdict was in plaintiff's favor, the court entered judgment for defendant and from this action plaintiff appeals.

A single proposition controls the case. When plaintiff received his settled bank book from defendant with the checks in question returned to him as paid by it, he notified the bank that the endorsements thereon were forged. He declined to turn the checks over to the bank, in accordance with its request, to enable it to proceed against the banks in another city which had guaranteed the endorsements as genuine, unless defendant gave him the money called for by the checks. Plaintiff, in his testimony, admitted that the bank officials told him, that if he would bring the checks in, the bank would give him security therefor, that he did take them to the bank and upon being asked what security he wanted, answered that he wanted them to count out to him twenty-seven hundred dollars, the amount of the checks, that if they would not do this he would sue them for the money. He declined even to allow the bank's officer to have the checks in his hand to inspect them and refused to coöperate with the bank in any way to aid it in recovering the money paid on the checks, unless it would first hand over to him the full amount thereof.

It is too manifest for discussion that plaintiff's attitude was such as to forbid him holding defendant liable. When he discovered the forgeries, it was his duty to promptly notify the bank, turn the checks over to it upon being requested so to do, taking a receipt or security therefor from it, and to aid and coöperate with it in recovering the money from those liable on the guaranteed endorsements. A depositor should return the forged check at the time of notifying the bank of the forgery: Bank Checks by Brady (1915), section 152, p. 222; Ibid. (1926), section 183, p. 301. "There must be notice and an offer to return before recovery of payment on any counterfeit instrument, note, bill, or bank note, paid or purchased": Rick v. Kelly, 30 Pa. 527; Roth v. Crissy, 30 Pa. 145. "The bank was therefore entitled to have them [the forged checks] examined and, if rejected, returned within a reasonable time. That was not done, and because of plaintiff's failure to perform his duty in that regard, he should not be permitted to recover": McNeely Co. v. Bank of North America, 221 Pa. 588, 597. Of course, a bank may waive its right to have returned to it checks bearing forged endorsements by not making a demand for them or by repudiating liability without requesting an examination of them: United States v. National Bank of Commerce, 205 Fed. 433; Kearny v. Metropolitan Trust Co., 97 N. Y. Supp. 274.

The judgment is affirmed.