## Georges Township School District Case.

40

Argued March 17, 1930.   Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ.

*H. S. Dumbauld,* with him *William W. Parshall* and *William B. Parshall,* for appellant.—There is a duty on the depositor of a bank to examine his cancelled checks within a reasonable time after they are returned to him by the bank so that he may determine whether the ac-

count as stated by the bank is correct and whether or not the bank has paid and charged against his account any checks which were forged: Myers v. Bank, 193 Pa. 1; Cunningham v. Bank, 219 Pa. 310; Connors v. Bank, 245 Pa. 97; Lesley v. Ewing, 248 Pa. 135; Marks v. Bank, 252 Pa. 304; Murray v. Trust Co., 39 Pa. Superior Ct. 438; McNeely Co. v. Bank, 221 Pa. 588.

In the recent case of Showers v. Merchants Nat. Bank, 293 Pa. 241, the Supreme Court has laid down the rule which covers the facts in the present case.

W. F. Lane, of Jones, Whitehill & Lane, for appellee, cited: United Security, etc., Co. v. Bank, 185 Pa. 586; McNeely v. Bank, 221 Pa. 588; Showers v. Bank, 293 Pa. 241.

OPINION BY MR. JUSTICE WALLING, April 14, 1930:

The Township of Georges, in Fayette County, is a third-class school district and as such constituted the First National Bank of Smithfield its depository of school funds for the year ending July 1, 1926. The township auditors in passing upon the depository's accounts for that year surcharged it with nineteen items, totalling $3,026.29, as having been improperly disbursed. Three of the items were paid out on forged checks, thirteen were repayments of checks previously paid by the depository, and for the three other items of credit claimed no vouchers were submitted. On appeal, the court of common pleas sustained the surcharge and entered judgment accordingly; therefrom the depository brought this appeal.

We find no error in the record. A depository of school funds is provided by the School Code of 1911, P. L. 309, section 509 of which states, inter alia: "The board of school directors in any school district in this Commonwealth may designate one or more banks or trust companies as a depository or depositories for its school funds. No such depository shall be named un-

less it receives a majority of the votes of the entire school board elected or appointed in such district, and such depository before receiving any of the school funds shall furnish a proper bond, in such amount and with such surety or sureties as may be required, to be approved by the board of school directors, and conditioned upon the faithful keeping, paying out, and accounting for of all the school funds and property of said school district that may come into its hands, as well as for the payment of all interest on money deposited in such depository in accordance with any contract made by it with said school district. The funds of the school district shall be deposited, as directed by the board of school directors, in such depository, by the school treasurer, in the name of the school district; and after any funds have been deposited with such regularly designated depository by any school treasurer, he shall thereafter be relieved from all liability therefor." The next section provides that such depository, "shall at the end of every month make a report to the school treasurer, to the board of school directors, and to the school controller, if any, stating the amount of school funds deposited with it during the month, together with the balance on hand at the beginning of the month, as well as the amount of school funds disbursed by it during the month, any accrued interest paid or due, and the balance remaining on hand at the time of making the report"; while section 511 provides for the manner of drawing orders on school funds. The depository in the instant case accepted the trust, gave the required bond and received during the year $251,828.53 of school funds. But in place of making to the board of school directors the monthly report, as required by the statute, simply returned to the treasurer the cancelled checks, with slips, embracing the items. The depository, as they cashed the checks, placed upon them the word "paid," with a rubber stamp, without perforation or other permanent designation. This was easily erased and, by some unknown

person, thirteen of the paid checks were removed from the treasurer's custody, the mark of payment thereon erased and, when presented to the depository, were paid again.

Section 2601 of the School Code, P. L. 425, requires the auditing, inter alia, of the accounts of school depositories, while section 2608 provides (P. L. 426) : "In order that the aforesaid accounts may be thoroughly and properly audited, it shall be the duty of......school depositories......to furnish to such auditors, whenever required by them for auditing purposes, statements and accounts of all finances of the district,......including assets and liabilities, together with access to all books, records, tax duplicates, vouchers, school orders, pay-rolls, letters, and other matters pertaining to the same." This shows that the cancelled vouchers should be retained by the depositories until the annual audit at the end of the fiscal year, and the provisions for a monthly report, above quoted, makes no requirement to the contrary. The frauds and forgeries above mentioned were disclosed by the audit in August, 1926, and it is very strongly urged for appellant that the negligence of the treasurer in failing to examine the returned vouchers and make an earlier discovery of the fraud was such as to relieve the depository from liability. Were this the ordinary case of a bank and its depositor, there might be no answer to the contention; but it is not. Here the bank voluntarily accepted the trust and thus became a special bonded statutory depository of the funds to which the rule of an ordinary depositor is inapplicable. The provision requiring that a bank on becoming a depository shall give bond, that an amount not exceeding one-third of the bank's capital stock and surplus shall be deposited in one depository, that its accounts must be audited, with other safeguards, indicate a legislative purpose that school funds shall be safely secured, and place a bank which has accepted the office of a depository in a position different from what it occupies toward

an ordinary depositor. Even as to him it is no answer that the bank has paid out his money on forged checks, unless by his negligence he is stopped from asserting the forgery. See Schwarz v. Bank of Pitts. Nat. Assn., 283 Pa. 200; Nat. Union F. Ins. Co. v. Mellon Nat. Bank, 276 Pa. 212; McNeely Co. v. Bank of North America, 221 Pa. 588. A special depository cannot escape liability because of the neglect of the treasurer to discover forgeries of cancelled checks, especially as the statute relieves him from all liability for funds placed by him with the depository and makes no provision for his custody of cancelled vouchers. As to the thirteen checks the case is stronger against appellant for it failed to so cancel them as to preclude their being again presented. It is also a circumstance that the other three checks in addition to being forged were drawn as treasurer's checks and not in the statutory form prescribed for school orders. See sections 509 and 511 of the School Code, P. L. 334.

The checks or orders here in question had been put in evidence before the auditors and marked as exhibits when the appellant asked for their return and, coupled therewith, the request that an affidavit as to each be made and returned with it, but made no offer to give security or even a receipt for their safe custody. Under such circumstances, that the attorney for the auditors declined to surrender the checks affords no defense to the surcharge. It cannot be held that the refusal of the auditors or of their attorney to surrender the documents while under consideration by them vitiated their report thereafter filed, and this case presents nothing more. Even an ordinary depositor, while he must surrender the forged checks, is entitled to a receipt or security on so doing: Showers v. Merchants Nat. Bank, 293 Pa. 241.

The judgment is affirmed.