Stierheim *v.* Bechtold et ux., Appellants.

Argued April 24, 1945. Before BALDRIGE, P. J., RHODES, HIRT, RENO, ROSS and ARNOLD, JJ. (DITH-RICH, J., absent).

*John B. Nicklas, Jr.,* with him *E. B. Wolfe* and *Mc-Crady, Nicklas & Hirschfield,* for appellants.

*Otis S. Goode,* for appellee.

OPINION BY ROSS, J., September 26, 1945:

This is a sci. fa. sur mechanic's lien for $1500.00, the balance due on a building contract. The jury returned a verdict for the plaintiff for $500.00. Motions for a new trial and judgment n. o. v. were presented by both the plaintiff and the defendant. The plaintiff's motion for judgment n. o. v. for the full amount of his claim, $1500.00, was granted, judgment entered thereon, and this appeal followed.

By agreement dated October 18, 1940, approximately six months after the filing of the lien, the parties agreed that the defendants were to deposit $2,671.09, the amount of the lien, with the architect to be held by him in escrow until certain additional work should be performed by the plaintiff and pending completion of the work all proceedings with respect to the mechanic's lien would be stayed by him. The agreement further provided that: "When said work . . . is approved by the architect and escrow agent . . . said escrow agent shall turn over to the contractor said sum of $2,671.09 upon the satisfaction of the aforesaid mechanic's lien. . . . "

The question before this Court is whether the parties, by agreeing that the amount of the plaintiff's claim should be paid to him upon approval by the architect, thereby made the architect sole judge as to satisfactory performance by the plaintiff, or whether, notwithstanding this stipulation, the defendant had the right to have this matter decided by a jury.

Where a contract provides that the work shall be done to the satisfaction, approval or acceptance of an architect or engineer, such architect or engineer is thereby constituted sole arbiter between the parties, and the parties are bound by his decision unless there is proof of fraud, collusion or caprice. *Bizet v. Smith,* 272 Pa. 31, 115 A. 868; *Payne v. Roberts,* 214 Pa. 568, 64 A. 86; *Evans Inc. v. School District,* 108 Pa. Superior Ct. 413, 416. The defendant contends that it was not the intention of the parties to make the architect and escrow agent the sole judge because they did not specifically and positively state that he was to be the sole judge whose decision was to be final and binding upon both parties. In our opinion there is no merit to this contention. In *Kennedy v. Poor,* 151 Pa. 472, 25 A. 119, the contract provided that the work should be done to the satisfaction of the architect, and the Supreme Court in that case held in part: "The manifest purpose of the provision contained in the contract in this case, that the work should be done to the 'satisfaction' of the architect, was to ascertain the fact of completion and to prevent just such defences as the present. . . . Presumably, no more suitable selection can be made than the architect who draws the plans and is to superintend the work. He is certainly more competent to determine any difficulty that might arise than a jury indifferently chosen and without the requisite information or power to acquire it: *Monong. Nav. Co. v. Fenlon,* 4 W. & S. 205. This reference was an essential part of the contract, voluntarily entered into by the parties. There was no rule or policy of law which forbade it; and neither party is at liberty to depart from it. There having been no

offer to prove that the architect had acted in bad faith, his decision must be treated as final."

In further support of their contention that the parties did not intend to make the architect the sole judge as to performance, the defendants rely upon paragraph 10 of the agreement of October 1940, which provides as follows: "Pending performance by the Contractor under this agreement, all proceedings with respect to the mechanic's lien filed at No. 21 July Term, 1940, Common Pleas Court of Allegheny County, Pennsylvania, shall stay, but *the execution of this agreement by the Owners shall not be deemed a waiver of any defense, in law or in fact, to said mechanic's lien or subsequent proceedings pertaining thereto."* (Italics supplied.) However, to give effect to the entire agreement the italicized portions of paragraph 10 must be construed as showing the intention of the parties to be that the defendants reserved the right to defend proceedings on the mechanic's lien by proof that the architect acted collusively with the plaintiff or acted fraudulently or capriciously in approving the work and since there was no offer made to prove such action on the part of the architect, his decision that the plaintiff had performed his agreement satisfactorily must be treated as final. *Kennedy v. Poor, supra.* A contract must be so construed, if possible, as to give effect to all its provisions, and an interpretation will not be given to one part of a contract which will annul another part of it or produce absurd results. *Harrity et al. v. Continental-Equitable Title & Trust Company et al.,* 280 Pa. 237, 124 A. 493. The entire contract should be read as a whole and every part interpreted with reference to the whole so as to give effect to its true purpose. *Philadelphia v. Philadelphia Transportation Company,* 345 Pa. 244, 26 A. 2d 909.

On October 9, 1941, the plaintiff and the defendants entered into the following supplemental agreement: "After conference among Stierheim, Bechtold and Weber and their respective counsel, Otis Goode, representing Stierheim, and John B. Nicklas, Jr., representing

Bechtold, the parties agree that paragraphs six (6), seven (7), and eight (8) of the agreement dated October 18, 1940, have been satisfactorily complied with and performed, and that Carl Weber, architect and escrow agent shall pay to C. F. Fruth, plumber, the sum of One Hundred Twenty Dollars and fifty-nine cents ($120.59) payment in full for said plumber's services. This authorization of payment does not pertain to any other provisions of said agreement except the specific paragraphs above mentioned. Parties agree also that paragraph five (5) calling for a new cement top coat on concrete floor of garage has been satisfactorily done. (signed) Egidius C. Bechtold; (signed) Richard Stierheim. *Parties further agree that escrow agent may pay to Stierheim balance of money in his hands except sum of Fifteen Hundred Dollars ($1500.00) which shall be retained by Weber until balance of agreement is performed (same being in dispute)."* (Italics supplied.) "(signed) Egidius C. Bechtold; (signed) Richard Stierheim." The question "in dispute" was whether a brick wall which the plaintiff by the agreement dated October 18, 1940, had agreed to tear down and rebuild, had been rebuilt in a workmanlike manner.

We do not agree with the appellants' contention that this supplementary agreement was in effect a reaffirmation of the intention of the parties that the escrow agent was not to be the sole judge. It rather expressed the real intention of the contracting parties: that since everything, with the exception of the wall, was satisfactory, a certain sum of the money held by the escrow agent had been paid over and as soon as the wall in dispute was approved as satisfactory by the escrow agent, the balance should be paid to the plaintiff. Both parties, apparently, trusted the good faith and the competency of the architect and, for that reason, entered into the escrow agreement providing for his approval of the completion of the work. It is not disputed that he had approved all of the work which was to be done by the plaintiff under the agreement of October 18, 1940,

and that the balance of the money held in escrow had not been paid to the plaintiff by him because he had been advised by the defendants not to do so. The parties themselves selected their arbiter when the escrow agreement of October 18, 1940 was entered into; this selection was not changed by the supplemental agreement of October 9, 1941, and it was not necessary to submit the case to a jury.

Under the evidence in this case the plaintiff was entitled to a directed verdict, and a court may enter judgment n.o.v. for the plaintiff where the verdict for the plaintiff omitted amounts legally due him, if it appears that binding instructions for the plaintiff would have been warranted at the trial. *Schwarz v. Bank of Pittsburgh Nat. Asso.* 283 Pa. 200, 129 A. 52. The action of the court in making the necessary correction in this case was justified in view of the fact that binding instructions would have been warranted. *Dalmas v. Kemble,* 215 Pa. 410, 64 A. 559.

Judgment is affirmed.