## Cunningham Estate

*Charles Matthews, Jr.*, for petitioners.

*J. Glenn Berry*, for trustee.

BRAHAM, P. J., August 26, 1949.—This is a proceeding under the Declaratory Judgments Act to determine whether an estate created by a deed of trust inter vivos or the residuary estate created by the last will of the settlor is liable for inheritance and estate taxes on the trust property. At the hearing the undenied averments of the petition were offered in evidence and, there being no answer filed, all the facts may thus be discovered by examination of the petition. A proper case for a declaratory judgment has been made out.

The relevant facts may now be briefly stated. Helen H. Cunningham died November 7, 1948, testate. Her will was dated August 2, 1938, and has been probated and recorded in Lawrence County in Will Book, vol. 26, page 497. By her will she provided in part as follows:

"THIRD: All the rest, residue, and remainder of my estate of whatsoever kind, whether real, personal, or mixed; wheresoever situate, whether now owned or hereafter acquired by me, I give, devise, bequeath,

limit, and appoint, absolutely, equally, share and share alike, unto my sons, Parker H. Cunningham and Robert H. Cunningham, or all to the survivor if one is dead; and if both pre-decease me, then I direct that all of my property of whatsoever character and wheresoever situate be sold by my executors as soon as sales can, conveniently and advantageously, be made, and the proceeds thereof paid to the Girard Trust Company of Philadelphia, as Trustee, to be and become part of the trust I am about to establish and create with said Girard Trust Company as Trustee, and said proceeds of said sales shall be held, administered and distributed by said Girard Trust Company as trustee pursuant to the terms of the Trust Indenture to the same force and effect as if the proceeds of said sales had originally been a part of the corpus of said trust."

"FIFTH: I direct that any and all inheritance, estate, and transfer taxes which may be imposed upon my estate or any part thereof, or any estate or any interest herein given, by the State of Pennsylvania, or any other State, or by the United States, shall be paid out of the corpus or principal of my residuary estate."

The sons, Parker H. Cunningham and Robert H. Cunningham, were appointed executors and the Girard Trust Company of Philadelphia executor in case of the death of both. The estate passing under the will as appraised for tax liability amounted to $63,252.97. Testatrix had two sons and one granddaughter at the time the will was written and when she died.

The trust mentioned in the will was created on the same day and at the same time as the will was executed. A copy of the deed of trust is attached to the petition and marked "exhibit B". The parties to the deed of trust were Helen H. Cunningham, the grantor, and Girard Trust Company, the trustee. The trust instru-

ment reserves the income on a trust fund of approximately $448,058.75 to the grantor for life and at her death, after providing for certain gifts out of corpus, gave $25,000 in further trust for Mary Ruth Cunningham, the granddaughter, a like sum in trust for any other living grandchildren, a life estate in one half of the remaining trust fund to each of the two sons and upon the death of the sons to the grandchildren. There are rather complicated cross remainders and alternative gifts which do not concern us here, it being sufficient to note that in no event does the corpus of the trust fund pass to the sons.

The important portion of the deed of trust, so far as this case is concerned, is the portion relating to the payment of taxes. It is interpolated between the gifts to the grandchildren and the gifts to the sons. The language is as follows:

"In the event that there shall be any inheritance or estate taxes, either Federal or State, assessed upon any of the foregoing gifts or trusts, then such tax or taxes shall be paid out of the residue of this trust estate hereinafter disposed of in subparagraph (g), and such gifts or trusts shall not be subject to the payment of such tax or taxes.

"Out of the balance, or residue, of the corpus or principal of the trust hereby set up and established there shall also be paid any and all inheritance or estate taxes, whether Federal or State, which may be assessed upon this trust as a whole, or any part thereof, or if this trust for such tax purposes shall be assessed in conjunction with the estate of Grantor disposed of by her Last Will and Testament, then there shall be paid out of such balance, or residue, the pro rata share of such jointly assessed or determined taxes. Such payments for tax purposes shall be made to the executor or executors of any Last Will and Testament of Grantor duly approved and allowed, or in default of

any such Last Will and Testament unto the administrator or administrators of the estate of Grantor duly appointed."

The value of the entire estate of decedent passing under the will is not sufficient to pay all the taxes, if the taxes on the trust estate be included.

Thus in her will testatrix directed payment out of her residuary estate of all taxes "which may be imposed upon my estate or any part thereof, or any estate or any interest herein given"; while in her deed of trust, executed at the same time, she directed payment out of the residue remaining after her life estate and certain small gifts and trusts of all taxes "which may be assessed upon this trust as a whole, or any part thereof".

This language clearly indicates an intention on the part of testatrix to have the taxes on the trust fund paid out of the trust fund and taxes on her remaining property which passed by will out of the residuary estate set up by the will. The documents are clearly drawn. Throughout the will and deed of trust the word "estate" is used to mean the property passing under the will. The trust is ordinarily spoken of as the "trust". Only three times is the word "estate" used in connection with the property put in trust and each time it is referred to as the "trust estate". Accordingly, when in the fifth paragraph of the will she provided for payment of taxes imposed upon my "estate or any part thereof, or any estate or any interest herein given", she definitely excluded the trust estate.

Furthermore our problem is definitely answered by the language of the deed of trust. The Federal estate tax is a tax on the property amassed by deceased, wherever it is located. Everything is assessed as part of the "estate". Apparently testatrix knew this. She directed that any assessment of the testate estate and trust estate together for tax purposes should not alter

her determination to have taxes on the trust estate paid out of the residue of the trust estate. She could hardly have been more explicit. True, the will, although executed contemporaneously with the deed of trust, speaks as of the date of her death but this is particularly true as to the property passing; Wills Act of April 24, 1947, P. L. 89, sec. 14, 20 PS §180.14. The intention of testatrix is to be determined as of the time the will was made: Miller's Estate, 323 Pa. 9; Whiteside's Estate, 302 Pa. 452.

The plain language of these documents seems to be the answer to the present inquiry, but if we search for conflict between will and trust deed there are further principles pointing to the trust estate as the proper fund for payment of taxes thereon. At the most we are confronted with a conflict between general language in the will and specific language in the trust deed. On the question of intent we are justified in considering these writings together: A. L. I. Restatement of the Law of Contracts §235(c); Landreth v. First National Bank of Philadelphia, 346 Pa. 551, 553; Wilson v. Viking Corp. et al., 134 Pa. Superior Ct. 153. Once they are construed together, the general provision in the will must give way to the specific direction in the trust deed; Harrity et al. v. Continental-Equitable Title & Trust Co. et al., 280 Pa. 237, 242.

There is not much need for precedents in this case. However, our conclusion that the tax on the trust estate should be borne by it is fortified by references to the Fiduciaries Act of June 7, 1917, P. L. 447, sec. 48.1, as amended, 20 PS §844. This act, in effect, establishes a statutory presumption of liability of persons interested in the gross taxable estate for tax on their shares, "except where a testator otherwise directs in his will". By construing Mrs. Cunningham's will in the light of the contemporaneous deed of trust we have determined that when she by her will directed payment of tax on

"my estate or any part thereof, or any estate or any interest herein given", she did not at all contemplate the trust estate as part of her estate, nor as given by her will. Accordingly the presumption established by the act applies and the residue of the trust must bear its own tax burden. A provision in a will exempting legacies from inheritance taxes does not operate to relieve the beneficiaries of life insurance and annuity contracts entered into by testator; Moreland Estate, 351 Pa. 623.

A distinction is to be noted between the Pennsylvania inheritance tax which is treated as a tax on the recipient based upon the privilege of transfer and the Federal estate tax, which is based upon the accumulated property of decedent, in whatever form it may be. Accordingly there is one case holding extra-testamentary property liable where the language used was precisely the language of the will before us, "my estate or any part thereof or any estate or interest herein given"; Slattery's Estate, 54 D. & C. 542. But in Slattery's Estate there was no clear direction in writings with respect to the extra-testamentary property, as we have here. The same fact distinguishes Crooks' Estate, 36 D. & C. 58; Prifer's Estate, 53 D. & C. 103 and many others. The language of the will and deed of trust before us is so explicit that no precedent on all fours is found and indeed none is required. On the general point are Ely's Estate, 28 D. & C. 663; Reed's Estate, 45 D. & C. 628; Glatfelter's Estate, 60 York 77, and Kyle's Estate of Phila. County, no. 2292 of 1947.

In the case at bar the taxes would entirely consume the residuary estate under the will. Those entitled are the two sons of decedent. Under the deed of trust they get only a life estate in the trust. The only outright gift from the mother is the residuary estate under the will. It is inconceivable that she meant to make this

gift illusory by saddling it with the tax on a much larger trust fund.

Entertaining these views we make the following

### Order

Now, August 26, 1949, after hearing and fully considering this case it is determined and adjudicated that the inheritance and estate taxes levied upon the estate of Helen H. Cunningham which passes under her will shall be paid out of the residuary estate provided for by the will but that taxes on the several interests granted by Helen H. Cunningham in a deed of trust dated August 2, 1938, shall be apportioned among the beneficiaries pursuant to the Act of July 2, 1937, P. L. 2762, 20 PS §844. The costs of this proceeding are placed upon the estate passing by will.