**J. E. FALTIN MOTOR TRANSPORTA-
TION, INC., a Corporation**

v.

**EAZOR EXPRESS, INC., a Corporation,
Appellant.**

**No. 12952.**

United States Court of Appeals
Third Circuit.

Argued Nov. 19, 1959.

Decided Dec. 7, 1959.

As Amended Jan. 13, 1960.
Rehearing Denied Jan. 14, 1960.

Henry M. Wick, Jr., Pittsburgh, Pa. (John A. Vuono, Samuel P. Delisi, Delisi & Wick, Pittsburgh, Pa., on the brief), for appellant.

James P. Gill, Pittsburgh, Pa. (Ronald J. McKay, Pittsburgh, Pa., on the brief), for appellee.

Before BIGGS, Chief Judge, and GOODRICH and McLAUGHLIN, Circuit Judges.

GOODRICH, Circuit Judge.

This appeal from a judgment for the plaintiff in an action for breach of contract involves responsibility of defendant for the destruction of a trailer leased by plaintiff to defendant. See D.C.W.D.Pa. 1959, 172 F.Supp. 175. Federal jurisdiction is based on diversity of citizenship between a New Hampshire corporation and a Pennsylvania corporation. The contract between the parties was entered into in Pennsylvania and the parties have stipulated that Pennsylvania law is to be applied. What effect that stipulation has we do not decide because we see no problem in the case which depends upon differences in possible choice of law. Cf. 8 P.L.E., Contracts § 122, at page 141 (1958).

The subject matter of the controversy is a contract made between the parties both of whom are engaged in interstate truck transportation. This contract, it was stipulated, was entered into pursuant to regulations issued by the Interstate Commerce Commission, and paragraph 2 of the contract itself refers to that regulation. The defendant became bailee of a trailer belonging to the plaintiff. While it was in the defendant's possession it was completely destroyed by fire. There is no allegation that the defendant's negligence caused the fire or the loss. The

plaintiff says that the defendant-bailee is absolutely liable for the loss of the trailer while in its possession. The defendant denies this liability and says that its responsibility is limited to a bailee's common law liability for negligence. It says that this is so provided in paragraph 1 of the contract, and, if this is contradicted by later provisions in the contract, the trial court should have received extrinsic evidence as to the intent of the parties in entering into their agreement. The trial judge, sitting without a jury, did receive such evidence (which was contradictory) but concluded that there was no need to resort to it because he found the writing clear enough without such evidence.

We turn, then, to the provisions of the contract. Paragraph 1 states:

"1. The undersigned carriers enter into this agreement governing their relationship with respect to Interchange of trailers; provided however, that no provision in this contract shall be construed to increase the legal liability of any party hereto."

But paragraph 3.5 of the contract provides that the carrier acquiring use of an interchange trailer "agrees to hold the carrier initially furnishing the trailer harmless for any loss or damage thereto * * * arising out of the * * * possession of said trailer, or arising from any other cause. * * *" Now, says the defendant, it is apparent that the provisions are inconsistent. Paragraph 1, it contends, provides for common law liability for negligence only. Paragraph 3.5 provides for absolute liability. Hence, the contract is ambiguous and we must try to find out what the parties meant by resorting to extrinsic evidence. If the agreement of the parties is ambiguous the general proposition is sound enough and nobody denies it.[1]

But we do not think that the trial judge was wrong in disregarding the extrinsic evidence which he tentatively admitted. One can, if so inclined, disregard the clause "provided however" quoted above. Every contract made between parties changes their legal relations. And if, prior to the contract, the parties were strangers, the making of a valid agreement between them necessarily increases liability if anything is promised.

It would not be good interpretation to disregard language of the parties as meaningless or absurd if that can be avoided. This is especially true since the agreement in question was drawn up as a form contract and we were advised by counsel that hundreds of the forms are used each week without, as he frankly said, anyone reading them. The provision in question can be held to mean that there is no increase of liability beyond that stated in the contract. Both clauses then are applicable.

We thus comply with oft cited standards of interpretation: the specific controls the general;[2] the contract is to be considered as a whole;[3] if possible, all the provisions of the contract should be given effect.[4] This also accords with the carefully thought-out provisions of the Pennsylvania Statutory Construction Act.[5] The last, of course, is only an analogy.[6]

1. See Foulke v. Miller, 1955, 381 Pa. 587, 112 A.2d 124; 8 P.L.E. Contracts § 137 (1958).

2. Harrity v. Continental-Equitable Title & Trust Co., 1924, 280 Pa. 237, 124 A. 493; 8 P.L.E., Contracts § 128 (1958); 3 Corbin, Contracts § 547 at 96 (1951); 3 Williston, Contracts § 619 at 1784 (rev. ed. 1936); Restatement, Contracts § 236(c) (1932).

3. 8 P.L.E., Contracts § 134 (1958); 3 Corbin, Contracts § 549 (1951); 3 Williston, Contracts § 618 at 1779 (rev. ed. 1936); Restatement, Contracts § 235(c) (1932).

4. Neal D. Ivey Co. v. Franklin Associates, 1952, 370 Pa. 225, 87 A.2d 236; 8 P.L.E., Contracts § 135 (1958); 3 Williston, Contracts § 618 at 1779 (rev. ed. 1936); Restatement, Contracts § 236(a) (1932).

5. Pa.Stat.Ann. tit. 46 §§ 501–602. Provisions pertinent here are as follows:
"§ 551. Construction of laws; legislative intent controls
" * * * Every law shall be construed, if possible, to give effect to all its provisions."

The defendant also complains that the damages awarded are too high.

■ The trailer was completely destroyed by fire. All that remained was a mass of molten metal impossible to repair. It was a 1956 model and its market value at the time of the fire (July 1957), naturally, was subject to dispute. The trial judge, sitting without a jury, heard testimony on this subject. He credited one expert and not others. This is a situation in which the essential responsibility for fact-finding is entrusted to the trial judge. We cannot say here that his conclusion was "clearly erroneous." See Fed.R.Civ.P. 52(a), 28 U.S.C.

The conclusion reached by the district judge was clearly right and the judgment will be affirmed.

"§ 552. Presumptions in ascertaining legislative intent

"In ascertaining the intention of the Legislature in the enactment of a law, the courts may be guided by the following presumptions among others:

&ast; &ast; &ast; &ast; ■

"(2) That the Legislature intends the entire statute to be effective and certain;"

"§ 563. Particular controls general

"Whenever a general provision in a law shall be in conflict with a special provision in the same or another law, the two shall be construed, if possible, so that effect may be given to both. If the conflict between the two provisions be irreconcilable, the special provisions shall prevail and shall be construed as an exception to the general provision, unless the general provision shall be enacted later and it shall be the manifest intention of the Legislature that such general provision shall prevail."

—————◆—————

6. An analysis of the analogous statutory construction standards will be found in an article called "Remarks On the Theory of Appellate Decision and the Rules or Canons About How Statutes Are to Be Construed" by Professor Karl N. Llewellyn in 3 Vanderbilt Law Review 395, 401–404 (1950), in which the author lists some canons of construction under the fencing terms of thrust and parry. The list is too long to give in full but a few samples will show the analogy of what Professor Llewellyn collected to the situation here.

| "THRUST | BUT | PARRY |
|---|---|---|
| 1. A statute cannot go beyond its text. | | 1. To effect its purpose a statute may be implemented beyond its text. |
| 2. Statutes in derogation of the common law will not be extended by construction. | | 2. Such acts will be liberally construed if their nature is remedial. |
| 8. Where design has been distinctly stated no place is left for construction. | | 8. Courts have the power to inquire into real—as distinct from ostensible—purpose. |
| 12. If language is plain and unambiguous it must be given effect. | | 12. Not when literal interpretation would lead to absurd or mischievous consequences or thwart manifest purpose. |
| 16. Every word and clause must be given effect. | | 16. If inadvertently inserted or if repugnant to the rest of the statute, they may be rejected as surplusage. |
| 18. Words are to be interpreted according to the proper grammatical effect of their arrangement within the statute. | | 18. Rules of grammar will be disregarded where strict adherence would defeat purpose. |
| 19. Exceptions not made cannot be read. | | 19. The letter is only the 'bark.' Whatever is within the reason of the law is within the law itself." |